GEORGE VALASHINAS, Respondent, v. STANLEY KONIUTO, Appellant.

Third Department, November 18, 1953.

*George L. Hinman* for appellant.

*A. E. Gold* and *James B. Gitlitz* for respondent.

IMRIE, J. Defendant has appealed to this court from an order of Broome County Supreme Court Special Term denying his motion under rule 106 of the Rules of Civil Practice for the dismissal of the complaint herein as not stating facts sufficient to constitute a cause of action.

These parties entered into a written agreement of partnership on October 1, 1946, and thereafter conducted business as " Star Instruments Company ". This action involves paragraph (8) of the agreement reading, " If either party to this agreement shall at any time desire to dissolve such partnership, he shall give notice in writing to the other party hereto of his intention, stating in said notice the sum of money which he is willing to give for the other party's undivided interest in said business and that he is willing to accept the same sum for his undivided interest in said business if the other party so elects. The party receiving such notice shall within ninety days from the date thereof either sell his interest or purchase the interest of the other party at the sum specified in said

notice, and shall notify the party giving such notice of his intention to buy such party's interest or to sell his own, according to the aforesaid option. In case of the failure of the party to whom said notice is given to make his election in writing within ninety days after the service of such notice, then the party giving such notice may elect whether he will sell his interest or purchase that of the partner upon the terms contained in said notice or option given by him. When a determination has been made as above provided the party selling shall convey his interest to the party purchasing upon the payment of said purchase price, and shall thereupon retire from the partnership.''

On December 12, 1952, defendant wrote to plaintiff as follows, '' In accordance with partnership agreement dated October 1, 1946, prepared by Chernin & Gold, Attorneys at Law, I am submitting to you a written notice of intent to dissolve our existing partnership for a cash settlement of $200,000.00, plus ½ of the value of accounts receivable at the time of sale and ½ of all cash owned by the company on the date of sale. Also in accordance with our partnership agreement, you must notify me within ninety days (90 days) from the above date of your intent.'' This letter will be referred to as the '' offer ''.

Plaintiff's reply of December 15, 1952, to be referred to as the '' acceptance '', reads, '' In accordance with your Notice of December 12, 1952, wherein you refer to the terms of our partnership agreement of October 1st, 1946, I hereby elect to accept your offer to purchase my interest in our partnership business formerly purchased by us from the Star Instruments, Inc., in accordance with the terms of such letter, to wit: ' a cash settlement of $200,000.00, plus ½ of the value of accounts receivable at the time of sale and ½ of all cash owned by the company on the date of sale.' I will be ready, willing and able to give you a complete Bill of Sale and a sufficient conveyance to you of my interest in the real estate as may be required to effectuate such sale, as of December 31st, 1952, or sooner if you so choose. Such instruments will be delivered to you properly executed by me on such date fixed by you, no later than December 31st, 1952, at the offices of attorneys, Chernin & Gold, of 300 Press Bldg., Binghamton, N. Y., upon payment by you in accordance with the terms of your offer in your letter of December 12, 1952.''

On December 22, 1952, plaintiff again wrote to defendant, referring to such letter of December 15th and informing him that the legal documents to effectuate the sale were then being

prepared and would be ready in a few days, and adding, " Therefore, if you want to close this week we can do so, or, if you prefer, we can wait until December 31, the date suggested in my letter. If I do not hear from you, I will assume that it is your intention to close on December 31st or within a reasonable time thereafter; at any rate, please let me know."

On December 27, 1952, defendant wrote plaintiff in the following words, " I am unable to purchase your interest in the business by December 31, 1952, in accordance with the proposal contained in your letters of December 15, 1952 and December 22, 1952. I, therefore, reject the same. I also withdraw and cancel my letter to you dated December 12, 1952."

By letter of December 29, 1952, plaintiff acknowledged the receipt of the foregoing letter, advising defendant that he could not agree to the request to withdraw the latter's offer, and continued, " I therefore expect you to perform in accordance with the terms of your offer and my acceptance on December 31, 1952, or within a reasonable time thereafter. I am in a position to complete my part of the agreement now."

About January 22, 1953, plaintiff brought this action for judgment of dissolution of the partnership and specific performance of a contract alleged by reason of defendant's offer and plaintiff's acceptance. Then followed defendant's motion for dismissal and the order appealed from.

In simplest terms defendant's position is that no contract resulted from the correspondence in that plaintiff's reply of December 15th to his offer, though stated to be an acceptance, was, actually, a counteroffer because of the inclusion of the provision fixing a closing date, constituting, in law, a rejection of his offer. He reaches such a conclusion by a course of reasoning premised upon the declaration that his offer was made " in accordance with the partnership agreement." The transaction of dissolution contemplated by paragraph (8) of that agreement was, he says, a bilateral transaction requiring action by both parties; the requirement for the sale incident to dissolution necessarily meant a sale within ninety days at the mutual convenience of the two parties who were to exchange performances, and, if they could not agree on an earlier date, the closing would have to be on the ninetieth day after the date of the notice of dissolution.

The offer did not contain any reference to a time or place for the closing, nor did it explicitly make all the terms of the partnership agreement a part of it by reference. Two allusions to it were made in the " offer ". The notice of submission of

intent to dissolve the partnership and the statement of the proposed consideration were stated to be " In accordance with partnership agreement dated October 1, 1946." A separate paragraph advised plaintiff that he must, " in accordance with our partnership agreement," notify defendant within ninety days of the former's intent.

Defendant's reasoning thus depends upon the assumption that plaintiff understood or should have understood that the " offer " must be read as though incorporating in it the entire agreement as well as an interpretation that the sale was required to be within ninety days from the date of the offer at parties' mutual agreement or, in the absence of an agreement, on the ninetieth day thereafter. In the light of this record and of the specific and somewhat exclusive character of its references to the provisions of the partnership, we cannot find that the offer was sufficiently explicit to require of plaintiff the conclusion that defendant had already considered and was reserving the question of the time of closing for later negotiation.

There is no doubt as to the rule requiring an acceptance to be as specific as the offer which, in turn, must be so definite in its terms, or require such definite terms in the acceptance, that the promises and performances to be rendered by each are reasonably certain. (Restatement, Contracts, § 32.) But if the acceptance of an offer is initially unconditional, the fact that it is accompanied with a direction or a request looking to the carrying out of its provisions, but which does not limit or restrict the contract, does not render it ineffectual or give it the character of a counteroffer. So as to a request for information as to the manner of remitting the price (*Clark* v. *Dales,* 20 Barb. 42) or a request to a proposed seller of real estate to fix a date for closing the transaction (*Baker* v. *Packard,* 112 App. Div. 543, affd. 189 N. Y. 524) or where, in accepting an offer to sell an interest in a partnership, with no time stated for closing, the buyer suggested a time and place (*Winslow* v. *Moore,* 17 N. Y. Week. Dig. 429, 30 Hun 311). In *American Woolen Co.* v. *Moskowitz* (159 App. Div. 382) it was held that a request for execution of a formal guaranty containing additional provisions did not, in and of itself, constitute a rejection of the guaranty which the plaintiff had received and retained and decided to accept by extending the credit.

The use in an acceptance telegram of the request, " Wire us confirming this and naming your correspondent in Calcutta

and instruct us regarding credit '', was held not to be regarded as an attempt on plaintiff's part to qualify the acceptance of the offer. (*Crossett* v. *Carleton,* 23 App. Div. 366, 368.) Accepting an order for brick '' upon the opening of navigation on the Hudson '' plaintiff interpolated the words '' on dock at New York city ''. His letter was held to be an unqualified acceptance and not a different proposal. (*Brown* v. *Norton,* 50 Hun 248, 250.)

It must be concluded that the letters of December 12 and 15, 1952, were such a proposal and acceptance as to complete a contract between these parties. In considering the equities we may recall defendant's contention that, in the absence of explicit language in the partnership contract to the contrary, closing would have to be on the ninetieth day after the date of his offer, unless the parties could mutually agree on an earlier day. He suggested no closing date nor did he make any move to initiate a mutual effort to fix such a date. Plaintiff's acceptance letter, though couched in somewhat peremptory words, was an overture, which was amplified by his letter of December 22d. Therein was evidence of an intent to fix a mutually satisfactory time for such closing on December 31st or within a reasonable time thereafter. Even then he left the door open by the words, " *at any rate, please let me know.*" If it had been in defendant's mind that the fixing of the date for mutual performance remained for negotiation between the parties, plaintiff's original fixing of a date and his subsequent suggestions in no way operated as a rejection of the offer but opened the way for fixing the time of performance by both parties.

The action was not prematurely begun although the ninety-day period from the date of defendant's offer would not have expired until March, 1953. His letter of December 27th was a withdrawal of the offer and, from plaintiff's viewpoint, constituted a breach of contract.

Our consideration of this case has been on the assumption of the applicability of the recognized rules of law having to do with the formation of contracts by offer and acceptance. In view of our determination herein it is unnecessary to pass on plaintiff's contentions as to the initially conclusive effect of the partnership agreement.

The order should be affirmed, with costs to respondent.

FOSTER, P. J., BERGAN, COON and HALPERN, JJ., concur.

Order affirmed, with $10 costs. [See *post,* p. 681.]