Arthur G. Klein, J.
The plaintiff, in her principal cause of action, seeks specific performance of an alleged contract which she claims was entered into between her and the defendant the Gramercy Company. Under the agreement, as alleged by her, she was to purchase the apartment in which she had been residing for some years.
On November 1, 1957 the defendant Wm. A. White & Sons, as the agent for the defendant Gramercy, wrote to the plaintiff offering to sell her the 28 shares of stock of the Gramercy corporation allocable to plaintiff’s apartment, 9-C rear, at 34 Gramercy Park, New York City, at a price of $2,800 and to give her a proprietary lease for said apartment at an annual rental of $784. Thereafter, plaintiff and her then attorneys had many *853 discussions and much correspondence with Donald Jones, vice-president of Wm. A. White & Sons, regarding the offer to sell. The plaintiff was insistent that she be permitted to install a kitchen in her apartment. The defendant Gramercy was equally insistent in refusing to grant such permission, unless plaintiff assumed liability for the removal of all violations which would come about by reason of filing plans for the installation of the kitchen. The plaintiff continually stated that she would not assume such liability.
On January 19, I960 Wm. A. White & Sons, as agent for defendant Gramercy, renewed the offer of November, 1957, by a letter which clearly states that if the plaintiff wished to purchase the apartment she could do so on an “ as is ” basis. The letter contained the following statement: “ the Board does not wish to make any commitments regarding the installation of the kitchen or electrical equipment.”
Under date of January 27, 1960 the plaintiff’s then attorney replied by letter which stated: “Miss Arnold accepts the owner’s offer ”. The letter then contains a request that a diagram be attached to the lease to show what the apartment comprised.
Following this request, the following paragraph appears in the letter: “ The following paragraph should also be inserted as a rider: The party of the first part acknowledges that it has been informed by the party of the second part of her intention to install and equip a modern kitchen in the demised premises and to obtain the necessary governmental approvals therefor. The party of the first part agrees that it will not unreasonably withhold or delay its approval of the plans submitted by the party of the second part for such kitchen alteration and installation ; and that it will, following its approval of such plans, co-operate with the party of the second part in obtaining such governmental approvals. The party of the second part shall have no liability for and shall not be responsible for the removal of any violations except as directly concern such kitchen alteration and installation.” (Italics supplied.) The letter goes on to require a provision in the lease fixing the charge for gas and electricity in the neighborhood of $5 per month.
Frequently an offeree, while making a positive acceptance of an offer, makes a request or suggestion that some addition or modification be made. So long as it is clear that the meaning of the acceptance is positively and unequivocally to accept the offer, whether such request is granted or not, a contract is formed (1 Williston, Contracts [3d ed.], § 79).
*854 However, as pointed out in the case of Valashinas v. Koniuto (283 App. Div. 13, 17, affd. 308 N. Y. 233), cited by the plaintiff: “ There is no doubt as to the rule requiring an acceptance to be as specific as the offer which, in turn, must be so definite in its terms, or require such definite terms in the acceptance, that the promises and performances to be rendered by each are reasonably certain” (citing Restatement, Contracts, § 32).
The rule is stated in the case of Gram v. Mutual Life Ins. Co. (300 N. Y. 375, 382): “ The insured could not accept what was not offered. It is a fundamental rule of contract law that an acceptance must comply with the terms of the offer ” (citing authorities; italics supplied). The'Gram case is cited in Hall v. Mutual Life Ins. Co. (282 App. Div. 203, 208-209) which states: ££ For the purpose of binding the insurance company without other action by the insurance company, insured or policy beneficiary must accept the option in the unvarying terms offered in the policy. The slightest variance may avoid the company’s liability — so the court held in the Gram case. That is fundamental law of contract. A qualified acceptance is simply a counter offer.”
We do not have here, as was present in Valashinas v. Koniuto (283 App. Div. 13, 17, affd. 308 N. Y. 233, supra) and other cases cited by the plaintiff, an acceptance of an offer ‘ ‘ initially unconditional # * * accompanied with a direction or request looking to the carrying out of its provisions but which does not limit or restrict the contract, does not render it ineffectual or give it the character of a counteroffer.”
In the present ease, plaintiff’s attorney, while stating that the plaintiff accepted defendant’s offer, was clearly qualifying the acceptance with conditions and reservations. The offer from defendant’s agent clearly stated it would make no commitments about kitchen installation. A precise thing was offered but was not so accepted. Having in mind that the so-called letter of acceptance was professionally composed, the use of the word ‘£ should ’ ’ cannot conceal the obvious fact that by seeking to have included in the lease provisions having to do with the installation or alteration, the plaintiff was not accepting an offer to purchase the apartment on an £ ‘ as is ” basis (see Gram v. Mutual Life Ins. Co., 300 N. Y. 375; supra; Roberg v. Evyan, 7 Misc 2d 851). The plaintiff has failed to establish that a binding contract was entered into and therefore is not entitled to specific performance.
The plaintiff has likewise failed to prove any conspiracy on the part of the defendants or any of them. The minutes of the *855 board of trustees of the defendant, which were read into the record, and the testimony adduced at the trial, clearly demonstrate that, rather than conspiring to deprive plaintiff of an opportunity to purchase the apartment occupied by her, the defendant Gramercy and its officers negotiated with her attorneys for over two years in an attempt to induce her to buy the apartment.
Plaintiff’s cause of action for a declaratory judgment that the individual defendants Eugene F. and Elizabeth A. Trivell have no right to apply to the Temporary State Housing Bent Commission for a certificate of eviction must likewise fail. The plaintiff claims that the defendant Gramercy and the defendant White failed to comply with the Bent and Eviction Begulations by not filing a plan in accordance with provisions of section 55 of such regulations. It is conceded that this co-operative housing corporation was organized in 1883. There is here no attempt to convert residential housing to co-operative housing. If plaintiff contends the Trivells are not entitled to a certificate of eviction, that is a matter to be urged before the Bent Administrator, with the right of review in this court.
Judgment is accordingly awarded to the defendants dismissing the complaint on the merits, on the facts, and on the law.
All parties having waived findings of fact and conclusions of law, the foregoing constitutes the decision required by section 440 of the Civil Practice Act.