■ P. J. CARLIN CONSTRUCTION COMPANY, Appellant, v WHIFFEN ELECTRIC CO., INC., Respondent.—Order of the Supreme Court, New York County, entered July 22, 1977, granting defendant's motion for summary judgment, dismissing the complaint and directing entry of judgment for defendant, unanimously reversed, on the law, with $75 costs and disbursements of this appeal payable to appellant, and the motion denied. In this action seeking damages for breach of contract, the affidavit of plaintiff's president and exhibits submitted by plaintiff in opposition to defendant's motion raise a triable issue of fact as to whether an oral agreement was made between plaintiff, general contractor, and defendant, subcontractor, for electrical work to be performed in the construction of Greenwich High School. Plaintiff averred that it substantially reduced its bid for the construction of the high school upon defendant's representation on October 31, 1967 by phone that defendant would perform the electrical work for the price of $941,200; that plaintiff was the successful bidder in the project and on November 9, 1967 the parties met face to face and agreed on the price ($941,200), scope of work and security for performance; that evidence of such agreement is to be found in the submission by defendant to plaintiff of a list of clients, places and amounts of electrical work performed by defendant, for approval by the architect of the Greenwich Board of Education; and that the matter of a writing to be adopted by the parties was a mere question of form of contract to be used. Defendant maintained that most of the terms of the writing sent by plaintiff to defendant on November 27, 1967 were not discussed prior thereto by the parties, that it was their understanding that there was no agreement until the writing would be signed by them and that the writing was a counteroffer by plaintiff. It appears that the manner in which the parties negotiated the alleged subcontract is in conformity with the custom and practice of this trade. A general contractor often must rely upon oral offers to perform subcontract work so that knowledgeable bids on the general contract may be timely submitted based upon clearly accurate estimates of the cost of subcontracting. "Boiler plate" clauses are often left to subsequent negotiation. Determination as to the existence of a contractual agreement and its terms depends, not upon the subjective intent of either of the parties (*Mencher v Weiss,* 306 NY 1, 7; *Hotchkiss v National City Bank of N. Y.,* 200 F 287, 293, affd 201 F 664, affd *sub nom. National City Bank v Hotchkiss,* 231 US 50), but rather upon "the objective manifestations of the intent of the parties as gathered by their expressed words and deeds." (*Brown Bros. Elec. Contrs. v Beam Constr. Corp.,* 41 NY2d 397, 399.) It is necessary that the totality of all the acts of the parties, their relationship and their objectives be considered in order to determine whether they entered into an oral agreement for the performance by defendant of the electrical work in the construction of the high school. An issue of fact is

thus presented, requiring resolution by trial, not by summary judgment. Contrary to the conclusion of Special Term, we cannot say that as a matter of law there was at best only an agreement to agree. We find, further, that contrary to the claim of defendant, the Statute of Frauds is no defense to the agreement alleged by plaintiff. Defendant concedes the alleged agreement could be performed within one year from the making thereof. The fact that all labor, materials and equipment to be furnished thereunder were to be guaranteed by defendant free of defects for a period of two years constitutes a statement of present condition and not a promise of further performance *(Citizens Utilities Co. v American Locomotive Co.,* 11 NY2d 409, 417; *Owens v Patent Scaffolding Co. Div. of Harsco,* 77 Misc 2d 992). Concur—Kupferman, J. P., Birns, Silverman and Sandler, JJ.