■ GERALD WRIGHT, Appellant, v FORD MOTOR COMPANY et al., Respondents. — In an action for a declaratory judgment, specific performance, and injunctive relief, plaintiff appeals from a judgment of the Supreme Court, Nassau County (Wager, J.), entered April 11, 1984, which declared that no contract exists between defendant Ford Motor Company and plaintiff, upon motion by defendants at the close of plaintiff's case at a nonjury trial.

Judgment affirmed, with costs.

At the conclusion of plaintiff's case, the Trial Judge dismissed the complaint on the ground that plaintiff had failed to make out

a prima facie case, declaring that the writings relied upon by plaintiff did not establish the existence of a valid contract. Contrary to plaintiff's contention, a review of the record reveals that defendants' counsel and the trial court clearly stated the specific ground upon which the motion was based, providing plaintiff's counsel with the opportunity to argue in opposition to the motion. Moreover, in rendering his decision, the Trial Judge properly specified the defect in plaintiff's formal proof, to which plaintiff's counsel took exception (CPLR 4401).

We also find no merit to plaintiff's contention that the course of conduct and communications between defendant Ford Motor Company and plaintiff created a legally enforceable agreement. "[T]he existence of a binding contract is not dependent on the subjective intent" of either of the parties, but upon the "objective manifestations of the intent of the parties as gathered by their expressed words and deeds" (*Brown Bros. Elec. Constrs. v Beam Constr. Corp.*, 41 NY2d 397, 399). The writings relied upon by plaintiff indicate that plaintiff was simply being offered the opportunity to apply and be considered along with all of the other applicants for selection as a trainee in defendants' program. As stated by the trial court, "[t]hat was the extent of the commitment; and from the evidence * * * it appears that the commitment was carried out". Mollen, P. J., Niehoff, Rubin and Lawrence, JJ., concur.