JOHN'S INSULATION, INC., Plaintiff,

v.

SISKA CONSTRUCTION COMPANY, INC., a/k/a Siska Construction Co., Inc., a/k/a Siska Construction, Inc., Defendant.

No. 87 Civ. 566 (WCC).

United States District Court, S.D. New York.

Oct. 9, 1987.

Sitomer & Odesser, P.C., New York City, for plaintiff; Gary J. Langer, of counsel.

Henry J. Steinglass, New York City, for defendant.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

This action is before the Court on the motion of plaintiff John's Insulation, Inc. ("John's"), to remand to New York State Supreme Court, New York County, pursuant to 28 U.S.C. § 1447. Defendant Siska Construction Company, Inc. ("Siska") has cross-moved in the alternative for transfer of this action to the Federal District Court of Massachusetts pursuant to 28 U.S.C. § 1404(a), or for a stay of this action pending resolution of a related action in Massachusetts District Court (*United States Use of Siska Construction Company, Inc. v. John's Insulation, Inc.*, 87–0179–WF). For the reasons set forth below both parties' motions are denied.

### I. FACTS

The underlying action involves a contractual dispute. John's, a New York corporation, is the prime contractor on a construction job at Fort Devens Military Base in Ayer, Massachusetts. John's entered into a written subcontract agreement with Siska, a New Hampshire corporation, in which Siska agreed to perform construction work at the Fort Devens site. The subcontract contained a forum selection and choice of law provision which provided:

> This contract shall be interpreted according to the laws of the State of New York, and any action hereunder shall be commenced in the Supreme Court of the State of New York.

On August 15, 1985, Siska executed the contract and returned it to John's with a covering letter. The letter contained the

following objection to the forum selection clause:

> Also, since yours is a New York firm, and ours is from New Hampshire, the clause about actions should really be the state in which the project is done, Massachusetts. Because of the negative connotations, and the belief that we will not encounter such problems, we won't dwell on the wording.

Despite these objections, Siska left the forum selection clause intact on the executed contract.

John's did not respond to Siska's letter and Siska began performance. John's made some initial payments for the work done, but a dispute arose concerning Siska's performance. In April of 1986 John's terminated the contract.

Siska brought an action in New Hampshire State Court in November of 1986 against John's and Hartford Accident and Indemnity Co., the surety on John's payment bond. Siska discontinued that action on December 16, 1986, prior to any response to the summons and complaint.

Shortly thereafter, John's commenced this action in the Supreme Court of the State of New York, New York County, by means of a summons with notice dated December 16, 1986. Siska served a notice of appearance and demand for complaint on January 28, 1987. On January 29, 1987 Siska removed the action to this Court on the basis of diversity of citizenship.

At some point after John's commenced this action, Siska brought suit under the Miller Act, 40 U.S.C. §§ 270a–270d (1982), against John's and Hartford Accident and Indemnity Company in the United States District Court for the District of Massachusetts. The Massachusetts action is for John's failure of payment on the Fort Devens construction contract.

## II. DISCUSSION

Plaintiff's motion to remand is based on the forum selection clause. Plaintiff asserts that despite the objections raised in defendant's covering letter, defendant agreed to the forum selection clause as it stands in the contract. Accordingly, plaintiff contends that defendant waived its right to remove the action to federal court.

Defendant makes three arguments in opposition to plaintiff's motion and in support of defendant's cross-motion. First, defendant asserts that the August 15, 1987 cover letter constituted a counteroffer which John's accepted by performance, and therefore the forum actually selected was Massachusetts. Second, defendant contends that even if the parties agreed on New York as the forum, the choice of a New York forum is void because it violates the Miller Act. Third, defendant argues that, even assuming the validity and applicability of the New York forum selection clause, the clause by its terms does not require remand of this action to state court.

### A. Siska's Cover Letter

■ New York follows the traditional common law view, which holds that an acceptance that is conditioned on terms at variance with those in the offer operates as a counteroffer and terminates the original offer. *See Gram v. Mutual Life Ins. Co.,* 300 N.Y. 375, 382, 91 N.E.2d 307, 310 (1950); *Poel v. Brunswick-Balke-Collender Co.,* 216 N.Y. 310, 318–19, 110 N.E. 619, 621–22 (1915); *Roer v. Cross County Med. Center Corp.,* 83 A.D.2d 861, 863, 441 N.Y.S.2d 844, 845 (2d Dep't 1981); *Arnold v. Gramercy Co.,* 30 Misc.2d 852, 854, 218 N.Y.S.2d 23, 25 (Sup.Ct.N.Y.County 1961), *aff'd,* 15 A.D.2d 762, 224 N.Y.S.2d 613, *aff'd,* 12 N.Y.2d 687, 233 N.Y.S.2d 475, 185 N.E.2d 911 (1962); J. Calamari & J. Perillo, Contracts, § 2–21(a) (3d ed. 1987). If the original offeror assents to the terms of the counteroffer, then a contract is formed on those terms. *See* 1 Corbin on Contracts, § 89 (1963). If the original offeror does not respond to the counteroffer, but proceeds with performance of the contract, his conduct may be considered an expression of assent to the terms of the counteroffer. *Id.* Consequently, if Siska's cover letter constitutes a counteroffer, then John's initial payments to Siska constitute an acceptance of Massachusetts as the proper forum.

Siska's cover letter, however, was not a counteroffer, but rather a "suggestion, request or overture." *Valashinas v. Koniuto,* 308 N.Y. 233, 239, 124 N.E.2d 300, 302 (1954); *Arnold v. Gramercy Co.,* 30 Misc.2d at 854, 218 N.Y.S.2d at 25. The language that Siska employed in its cover letter simply was too equivocal to condition acceptance of the contract upon John's agreement to accept Massachusetts as the forum for the resolution of disputes. Although Siska's statement that "the clause about actions should really be ... Massachusetts" is arguably an imperative statement that would ordinarily constitute a counteroffer, Siska negated the effect of that language by concluding the paragraph with the phrase, "but we won't dwell on the wording."

Under the objective theory of contracts followed in New York, a party's manifestations of intent are viewed from the vantage point of a reasonable man in the position of the other party. *Ricketts v. Pennsylvania R.R. Co.,* 153 F.2d 757, 760–61 (2d Cir.1946) (Frank, J., concurring); *see also Horwitz v. Sprague,* 440 F.Supp. 1346, 1350 (S.D.N.Y. 1977); *Brown Bros. Elec. Contractors, Inc., v. Beam Constr. Corp.,* 41 N.Y.2d 397, 399–400, 393 N.Y.S.2d 350, 351–52, 361 N.E.2d 999, 1001 (1977); *Wright v. Ford Motor Co.,* 111 A.D.2d 810, 811, 490 N.Y. S.2d 556, 557 (2d Dep't 1985); *P.J. Carlin Constr. Co. v. Whiffen Elec. Co.,* 66 A.D.2d 684, 686, 411 N.Y.S.2d 27, 28–29 (1st Dep't 1978). Certainly a reasonable man in John's position, upon reading the phrase "we won't dwell on the wording," would conclude that although Siska was not happy about the forum selection clause, it was willing to accept the wording. Therefore, Siska's cover letter did not act as a counteroffer and consequently, under the terms of the contract, New York was the appropriate forum for commencement of this action.

### B. *The Miller Act*

Defendant contends that, even if the parties agreed on New York as the forum, the forum selection clause is void because it violates the Miller Act, 40 U.S.C. §§ 270a–270d (1982).

■ Section 270a of the Miller Act requires that the prime contractor on any public works project of the United States post two bonds: (1) a performance bond for the protection of the United States, and (2) a payment bond for the protection of all persons supplying labor or material. Section 270b(a) provides that every person who is not paid for labor or material supplied on such a project has the right to sue on the payment bond. Every such suit, however, must be brought in the United States District Court for the district in which the contract is to be performed. 40 U.S.C. § 270b(b).

Siska relies on the exclusive venue provision of section 270b(b) to oppose the remand and assert the propriety of a transfer to the United States District Court in Massachusetts. Siska's reliance on the Miller Act, however, is misplaced. By its terms, the Miller Act only applies to suits by suppliers of labor or material whom the contractor has refused to pay. *See* 40 U.S.C. § 270b(b). The instant action, by contrast, is a suit by the contractor against the subcontractor. Since the Miller Act does not apply to such suits, the exclusive venue provision of section 270b(b) does not prohibit this Court from remanding this action to New York State Supreme Court.

■ Moreover, even assuming the Miller Act applies, it has long been recognized that the Act's exclusive venue provision may be altered by contract. *See United States v. Electronic & Missile Facilities, Inc.,* 364 F.2d 705, 707–08 (2d Cir.) (prior agreement between contractor and subcontractor to arbitrate disputes given effect even though Miller Act applied), *cert dismissed,* 385 U.S. 924, 87 S.Ct. 239, 17 L.Ed.2d 148 (1966). In *In re Fireman's Fund Ins. Cos., Inc.,* 588 F.2d 93 (5th Cir. 1979), the Court of Appeals for the Fifth Circuit addressed the relationship between forum selection clauses and the Miller Act. The court noted that section 270b(b) of the Miller Act exists for the convenience of the parties, and therefore it is subject to variation by agreement. *Id.* at 95. Consequently, the court enforced the forum selection

clause even though it required a venue different from that provided under the Miller Act. *Id.*

The cases that defendant cites to the contrary were decided before the Supreme Court ruled on the validity of forum selection clauses in *M/V Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). In that case the Court enforced a forum selection clause, holding that such clauses are "prima facie valid," *id.* at 10, 92 S.Ct. at 1913, and should be enforced unless the resisting party can show that enforcement would be "unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* at 15, 92 S.Ct. at 1916. Prior to *M/V Bremen* the courts were often hostile to forum selection clauses on the ground that they were " 'contrary to public policy' or that their effect was to 'oust the jurisdiction' of the court." *Id.* at 9 & n. 10, 92 S.Ct. at 1913 n. 10 (footnote omitted). Since *M/V Bremen,* however, the Second Circuit Court of Appeals has rejected the hostility toward forum selection clauses as "simply a vestigial remainder of an outmoded doctrine." *Bense v. Interstate Battery System of America, Inc.,* 683 F.2d 718, 721 (2nd Cir.1982). Hence, the cases on which defendant has relied are no longer controlling.

Defendant has not shown the forum selection clause to be unfair and unjust, nor has he shown it to be the product of fraud or overreaching. Consequently, the presumption of validity stands.

### C. *The Forum Selection Clause*

■ Defendant argues in the alternative that the New York forum selection clause by its terms does not require remand of this action to state court. The forum selection clause provides:

This contract shall be interpreted according to the laws of the State of New York and any action hereunder shall be commenced in the Supreme Court of the State of New York.

It is well established that a forum selection clause may act as a waiver of defendant's right to remove an action to federal

court. *Colonial Bank & Trust Co. v. Cahill,* 424 F.Supp. 1200, 1202 (N.D.Ill.1976) (citing *General Phoenix Corp. v. Malyon,* 88 F. Supp. 502 (S.D.N.Y.1949)). Such a waiver must be clear and unequivocal. *Kiddie Rides USA, Inc., v. Elektro-Mobiltechnik GMBH,* 579 F.Supp. 1476, 1479 (C.D.Ill.1984). If the forum selection clause is ambiguous in that it is susceptible of two reasonable meanings, it will be construed against the party who drafted it. *See Stern v. Satra,* 539 F.2d 1305, 1310 (2d Cir.1976); *City of New York v. Pullman Inc.,* 477 F.Supp. 438 (S.D.N.Y.1979); *67 Wall St. Co. v. Franklin Nat'l Bank,* 37 N.Y.2d 245, 249, 371 N.Y.S.2d 915, 918, 333 N.E.2d 184, 187 (1975).

In this action both parties have proposed different interpretations of the forum selection clause. Plaintiff asserts that the clause acts as a waiver of the right of removal. This position finds support in the specific designation of "the Supreme Court of the State of New York" as the forum for commencement of actions. The preciseness of this language parallels language found in clauses that have been ruled to waive the right of removal. *See, e.g., Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.,* 569 F.Supp. 612 (C.D.Cal. 1983) (defendant waived his right to remove by agreeing that all disputes "shall be litigated only in the Superior Court for Los Angeles, California"); *Intermountain Systems, Inc. v. Edsall Constr. Co., Inc.,* 575 F.Supp. 1195 (D.Colo.1983) (defendant waived right to remove by agreeing that "venue shall be in Adams County, Colorado"), *aff'd,* 741 F.2d 273 (9th Cir.1984).

The instant case is different, however, in that the clause at issue states only that all actions "shall be commenced" in State Supreme Court. This Court is unaware of any case that has examined the effect of this latter phrase on the right of removal. Defendant interprets this phrase literally, arguing that an action can be commenced in the Supreme Court of New York and then removed to federal district court without violating the forum selection clause.

The cases interpreting forum selection clauses have rejected strict literalism when

it would render the forum selection clause meaningless. *See Richardson Greenshields Securities, Inc., v. Metz,* 566 F.Supp. 131, 133 (S.D.N.Y.1983) (holding that an agreement to submit to venue also serves as consent to jurisdiction since "[a] waiver of objection to venue would be meaningless, however, if it did not also contemplate a concomitant waiver of objection to personal jurisdiction"); *Intermountain Systems, Inc.,* 575 F.Supp. at 1198 (D.Colo.1983) (same). At first blush defendant's interpretation of the clause appears to fall within this line of precedent. The specific reference to "the Supreme Court of the State of New York" would be meaningless if every action that was commenced in state supreme court could be removed to federal district court. Removal, however, is not available in every action brought under this contract. A removal based on diversity of citizenship, which is the basis of removal in this action and would be the only predicate for removal in most suits brought under this contract, is not available when the defendant is a citizen of the forum state. *See* 28 U.S.C. 1441(b). Thus, if the parties were reversed with Siska as plaintiff and John's as defendant, then removal would be unavailable and the action would remain in state court. Consequently, defendant's interpretation does not render the forum selection clause meaningless.

Because plaintiff and defendant each advance plausible interpretations of the language at issue, the Court is obligated to resolve the ambiguity against the party who drafted the clause. As John's was the draftsman, the Court concludes that the clause does not act as a waiver of the right of removal, and therefore the motion to remand is denied.

### D. *Defendant's Cross-motion*

■ Defendant has cross-moved for a transfer to Massachusetts pursuant to 28 U.S.C. § 1404(a), or, in the alternative, a stay. Defendant asserts that the forum selection clause is permissive rather than mandatory, and therefore the clause presents no impediment to a transfer. Plaintiff disagrees and argues that the forum selection clause is mandatory.

The cases support plaintiff's position. A permissive forum selection clause merely empowers a court to hear a particular case, but it does not require that the case be heard in the particular forum. *Leasing Services Corp. v. Patterson Enters., Ltd.,* 633 F.Supp. 282, 284 (S.D.N.Y.1986); *Credit Alliance Corp. v. Crook,* 567 F.Supp. 1462, 1465 (S.D.N.Y.1983). A consent to jurisdiction clause is a typical example of a permissive forum selection clause. *See, e.g., Coface v. Optique Du Monde, Ltd.,* 521 F.Supp. 500, 502–03, 507 (1980) (the contract provided that the parties "consent to the jurisdiction of the State and Federal courts sitting in New York in any action arising out of or connected in any way with this Agreement"). The forum selection clause at issue in the instant case goes well beyond a mere consent to jurisdiction and requires that all actions be commenced in State Supreme Court. Consequently, the clause is mandatory.

In *Full-Sight Contact Lens Corp. v. Soft Lenses, Inc.,* 466 F.Supp. 71 (S.D.N.Y. 1978), this Court confronted a forum selection clause that was substantially similar to the clause presently at issue.[1] There the parties agreed that "any suit ... shall be brought in either San Diego or Los Angeles County." *Id.* at 72 & n. 3. Judge Pierce noted that of the three factors that affect the determination to transfer a case under § 1404(a)—the convenience of parties, the convenience of witnesses and the interests of justice—only the convenience of the parties "is properly within the power of the parties themselves to affect by a forum selection clause." *Id.* at 74. The Court held that the mandatory forum selection clause did not bar a transfer, but did constitute a waiver of the plaintiff's privilege to object to transfer on the grounds of its own inconvenience. *Id.; see also Plum Tree, Inc. v. Stockment,* 488 F.2d 754, 757–58 (3d Cir.1973); *National Equipment Rental,*

---

1. Subsequent cases have cited *Full-Sight* as an example of a mandatory forum selection clause.

*See Leasing Service Corp.,* 635 F.Supp. at 284; *Credit Alliance Corp.,* 567 F.Supp. at 1465.

*Ltd., v. Sanders,* 271 F.Supp. 756, 761 (E.D.N.Y.1967) ("the parties having agreed that it is a Court that shall do justice between them, they cannot be suffered by their contract to require the Court to refrain from doing what it may conclude is in the interest of justice between the parties").

 The moving party bears the burden of establishing the need for a transfer. *Leasing Service Corp.,* 633 F.Supp. at 284; *Teachers Ins. & Annuity Ass'n of America v. Butler,* 592 F.Supp. 1097, 1106 (S.D. N.Y.1984). Ordinarily, the Court would consider the following factors in determining whether the movant has met that burden:

(1) the convenience to parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interests of justice, a term broad enough to cover the particular circumstances of each case which, in sum indicate that the administration of justice will be advanced by a transfer.

In this case, however, defendant's agreement to the forum selection clause waives his right to object on the grounds of inconvenience. By contrast, plaintiff's inconvenience remains relevant since the the agreement to commence all actions in New York clearly is not a waiver of the right to object to a transfer to Massachusetts.

 Plaintiff would be greatly inconvenienced by a transfer to Massachusetts. The two individuals at John's who were most closely involved with the daily operations of the Fort Devens job are John Fenn, the Secretary-Treasurer, and Richard Micelli, an engineer. Both men are presently running numerous jobs in the New York area. A transfer consequently would severely impair John's business operations.

The convenience of non-party witnesses, on the other hand, weighs in favor of a transfer. As this suit involves breaches during the performance stage of the contract, the most important witnesses other than employees of the parties, will be the Army personnel who were directly involved with running the Fort Devens project. Four potential witnesses fall into this catagory: Major Jonathan E. Holtz, the representative of the contract officer for the project, Brian Parsons, Edward O'Donnell and Albert Lemire, project engineers. With the exception of Major Holtz, all of these men are still employed at the New England Division, U.S. Army Corps of Engineers Headquarters, in Waltham, Massachusetts. *See* Affidavit of Henry J. Steinglass, Exh. B. Subpoenas would be easier to obtain in Massachusetts District Court should these witnesses prove reluctant to testify, and the cost of obtaining these witnesses would be less if the case is transferred, but defendant has not produced any evidence indicating a reluctance to testify.

Defendant suggests that a transfer to Massachusetts would be in the interest of efficient justice since a similar case is pending in Massachusetts under the Miller Act. Plaintiff responds that the similarities are illusory. Similarities and differences aside, this Court concludes that a transfer to Massachusetts would not be in the interest of justice. John's has asserted the forum selection clause as a defense to the Massachusetts action. As discussed above, the great weight of precedent holds that the exclusive venue provision of the Miller Act can be altered by contract. Of course, the decision as to whether the Massachusetts action should be dismissed is for the Massachusetts District Court. Nonetheless, this Court necessarily must make a tentative assessment of the viability of that action to determine whether judicial economy requires a transfer of this case to Massachusetts. There appears to be a substantial likelihood that the Massachusetts case will be dismissed as having been commenced in violation of the forum selection clause. Therefore, it would not be in the interest of justice to transfer this case to Massachusetts.

At most, defendant has shown that the arguments for and against transfer are

evenly balanced. The inconvenience of nonparty witnesses is offset by the inconvenience to the plaintiff. As this Court stated in *Bastille Properties Inc. v. Hometels of America, Inc.*, 476 F.Supp. 175, 182 (S.D.N.Y.1979), "Where the balance of convenience is in equipoise, plaintiff's choice of forum will control." Since defendant has not met his burden of proof, the motion for transfer is denied.

Defendant has moved in the alternative for a stay pending the outcome of the Massachusetts action. A federal district court has the inherent power, in the exercise of its discretion, to stay an action pending before it. *Landis v. North American Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936); *Hikers Industries v. William Stuart Industries*, 640 F.Supp. 175, 177 (S.D.N.Y.1986); 1 J. Moore, Moore's Federal Practice ¶ 0.60[6] (3d ed. 1986). As with a motion for transfer, the movant bears the burden of demonstrating the wisdom and justice of a stay. *See Landis*, 299 U.S. at 255, 57 S.Ct. at 166.

Defendant has not shown that Massachusetts is a more appropriate or convenient forum, nor has defendant suggested any other compelling reason why this action should be stayed in favor of the Massachusetts action. Therefore, defendant having failed to meet its burden, the motion for a stay is denied.

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion for a remand and defendant's cross-motion for a transfer or a stay are denied. Counsel will report to chambers, United States Courthouse, Foley Square, 1902, on Monday November 2, 1987, for a pretrial conference at which time the Court will set a trial date and a discovery schedule.

SO ORDERED.