KINGSWAY FINANCIAL SERVICES, INC., Plaintiff,

v.

PRICEWATERHOUSECOOPERS, LLP., Miller, Herbers, Lehman & Associates, Inc., Martin L. Solomon, Edwin W. Elder, William J. Barrett, Wilmer J. Thomas, Jr., Robert Silver, John A. Dore, and Karla Violetto, Defendants.

No. 03 Civ. 5560(RMB).

United States District Court, S.D. New York.

Nov. 30, 2005.

Cathy Fleming, Edwards & Angell, L.L.P., Harold Jerome Ruvoldt, Jr.,Edwards Angell Palmer & Dodge, LLP, Savitha Keesari Mason, Edwards & Angell, L.L.P., New York City, for Plaintiff.

William R. Maguire, Hughes Hubbard & Reed LLP, New York City, Eric J. Marler, Karen A. Reardon, Scott O. Reed, Rearon, Golinkin and Reed, Chicago, IL, Lewis J. Liman, Cleary Gottlieb Stein & Hamilton, LLP, New York City, Jennifer Yule Depriest, Sarah R. Wolff, Sachnoff & Weaver, Ltd., Chicago, IL, Jonathan S. Quinn, Office of the District Attorney, New York City, for Defendants.

## DECISION AND ORDER

BERMAN, District Judge.

### I. Background

Plaintiff Kingsway Financial Services, Inc. ("Plaintiff" or "Kingsway") filed a Second Amended Complaint on March 5, 2004 ("SAC") asserting claims of securities fraud under Section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C.A. § 78j(b) ("Exchange Act"), and Section 14(e) of the Exchange Act, 15 U.S.C. § 78n(e), "controlling person" liability under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), common law fraud, negligence, negligent misrepresentation, and also seeking declaratory relief, all in connection with Kingsway's tender offer for

and acquisition of American Country Holdings, Inc. ("ACHI"), a publicly-held corporation. The tender offer commenced on or before February 27, 2002 and closed on or about April 1, 2002 ("Tender Offer" or "Acquisition"). Kingsway also asserted claims against ACHI officers and/or directors (including John A. Dore ("Dore"), Martin L. Solomon, Edwin W. Elder, William J. Barrett, Wilmer J. Thomas, Jr., Robert Silver ("Silver"), and Karla Violetto ("Violetto")), along with Pricewaterhousecoopers, LLP. ("PwC"), ACHI's independent auditor, and Miller, Herbers, Lehman & Associates, Inc. ("Miller Herbers"), ACHI's outside actuarial consultant (collectively, "Defendants").[1] Kingsway alleged that "[f]rom 1999 through 2002 (the 'Relevant Period'), Defendants ... fraudulently caused and maintained an inflated stock price of ACHI [by] understating the insurance loss reserves ('reserves') of ACHI's wholly-owned subsidiary [ACIC]." (SAC ¶ 3.) In addition to asserting claims as purchaser of ACHI stock under the Acquisition, Kingsway asserted Section 10(b), Section 20(a) and common law fraud claims on behalf of its wholly-owned subsidiaries (American Service Insurance Company ("American Service"), Lincoln Insurance Company ("Lincoln"), and Universal Casualty Company ("Universal") (together, the "Kingsway Subsidiaries")) which purchased ACHI stock in 2000 and 2001 (prior to the Acquisition) and tendered all of their stock via the Tender Offer.[2] Kingsway also asserted a claim on behalf of ACHI (which is wholly-owned by Kingsway) alleging that Dore's participation in the fraudulent scheme "breached

---

1. Dore was Chairman of ACHI's Board of Directors, Chief Executive Officer, President, and a Director from August 28, 2000 through April 15, 2003.

2. The claims on behalf of the Kingsway Subsidiaries related to alleged misrepresenta-

tions: (a) in ACHI's annual reports on Form 10–K filed with the Securities and Exchange Commission prior to the Acquisition (SAC ¶¶ 253, 278); and (b) in connection with the Tender Offer (SAC ¶¶ 399–401).

his fiduciary duties of good faith and loyalty to ACHI" arising out of his August 17, 2000 employment contract with ACHI ("Employment Contract"). (*See* SAC ¶¶ 403–06 ("Employment Contract Claim") ("This Court should declare Defendant Dore's contract void because Defendant Dore entered into the contract with the fraudulent intent to defraud the investing public and order forfeiture of all compensation. . . ."); Declaration of Scott O. Reed, dated May 18, 2005 ("Reed Decl."), Ex. A: Employment Contract at 1.)

In an order, dated March 29, 2005, the Court granted in part and denied in part Defendants' joint motion to dismiss, dismissing with prejudice claims: (1) against Miller, Herbers; (2) against Silver; (3) for negligence and negligent misrepresentation against PwC; and (4) under Section 14(e) for fraud on the Tender Offer. (Order, dated March 29, 2005 ("Dismissal Order"), at 10–19.) The Court also held that unless the Kingsway Subsidiaries and ACHI were added as plaintiffs within twenty days of the Dismissal Order, the following claims would be dismissed with prejudice: (1) the Section 10(b), Section 20(a) and common law fraud claims in connection with purchases of ACHI stock by the Kingsway Subsidiaries; and (2) ACHI's Employment Contract Claim against Dore. (Dismissal Order at 8–9, 19 ("The court finds no basis (under federal or state law) for Kingsway to assert contract or fraud claims on behalf of its wholly-owned subsidiaries.").) [3]

On April 28, 2005, Kingsway, together with the Kingsway Subsidiaries and ACHI, filed the Third Amended Complaint, in which: (1) the Kingsway Subsidiaries assert fraud claims against Defendants under Section 10(b), Section 20(a), and state common law; and (2) ACHI asserts the Employment Contract Claim against Dore. (*See* Third Amended Complaint, dated April 28, 2005 ("TAC" or "Complaint"), ¶¶ 360–92 and p. 112.) On May 19, 2005, Defendants moved to dismiss (some of) the (TAC) claims, arguing that, among other things: (1) "the Kingsway Subsidiaries do not, and cannot, allege that they suffered any economic loss as a result of the alleged fraud or that any such loss was caused by defendants' alleged misstatements or omissions"; and (2) ACHI's Employment Contract Claim against Dore should be dismissed because "Illinois, not New York, is the proper forum" under the Employment Contract forum selection clause, "ACHI is barred by the doctrine of laches from pursuing that claim in this Court," and the Court should abstain from adjudicating the Employment Contract Claim "in favor of the earlier-filed Illinois action" pursuant to the "abstention" doctrine of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and its progeny.[4]

---

**3.** In an order, dated November 23, 2005, the Court denied PwC's and Violetto's motions for reconsideration of the Dismissal Order. (*See* Order, dated Nov. 23, 2005.)

**4.** It appears that on or about May 9, 2003, Dore commenced an action in Illinois state court, *Dore v. American Country Holdings, Inc., et al.*, Case No. 03 CH 08189 (Cook County (Illinois) Circuit Court, Chancery Division) ("Illinois Action"), against ACHI, Kingsway, and Frank Amodeo asserting state law claims including, among other things, breach of the Employment Contract. (*See*

Plaintiffs' Opposition to Defendants' Joint Motion to Dismiss, dated June 20, 2005 ("Pl. Mem.") at 6 n. 5; Plaintiffs' Letter to the Court, dated April 21, 2004, enclosing Illinois Action Order, dated April 19, 2004.) It also appears that the Illinois Action defendants asserted defenses and counterclaims alleging, as they do in this case, that the Employment Contract is invalid because Dore breached his fiduciary duty to ACHI as part of a fraudulent scheme. (*See* Illinois Action Order, dated April 19, 2004 ("this litigation is stayed as to the Counterclaim and all Affirmative Defenses alleging securities fraud and is not stayed as

(Memorandum of Law in Support of Joint Motion to Dismiss the New Claims Added to the Third Amended Complaint, dated May 19, 2005 ("Def.Mem."), at 2, 8.) Plaintiffs have countered that, among other things: (1) "Plaintiffs adequately plead 'loss causation' " with respect to the Kingsway Subsidiaries; and (2) the Employment Contract Claim should not be dismissed because "the Dore employment contract does not contain a mandatory Illinois forum selection clause" and "the New York action was timely filed," and that "abstention is inappropriate given the circumstances of this case." (Pl. Mem. at 2, 6, 10.) Defendants filed a Reply Memorandum of Law ("Def.Reply"), dated July 20, 2005, and the Court heard oral argument on November 29, 2005. **For the reasons set forth below, Defendants' (partial) motion to dismiss is granted in part and denied in part.**

## II. Legal Standard

"Any Rule 12(b)(6) movant for dismissal faces a difficult (though not insurmountable) hurdle." *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir.1999). "In reviewing a Rule 12(b)(6) motion, this Court must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff." *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir.1996). "The issue is not whether a plaintiff is likely to prevail ultimately, 'but whether the claimant is entitled to offer evidence to support the claims.' " *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669 (2d Cir.1995) (citation omitted). A Rule 10b–5 plaintiff must comply with Fed.R.Civ.P. 9(b) and plead fraud with particularity, so that defendants have "a reasonable oppor-

tunity to answer the complaint and ... adequate information to frame a response." *Ryan v. Hunton & Williams*, No. 99 Civ. 5938, 2000 WL 1375265, at *6 (E.D.N.Y. Sept. 20, 2000) (citation omitted).

▮ A court may abstain from exercising subject matter jurisdiction for reasons of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition.' " *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, at 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952)). A "threshold determination" is "whether the state and federal proceedings are indeed parallel," *Kshel Realty Corp. v. City of New York*, No. 01 Civ. 9039, 2003 WL 21146650, *5 (S.D.N.Y. May 16, 2003), *i.e.*, that there is a "substantial likelihood" that the state court litigation will "dispose of all the claims presented in the federal case," *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 593 (7th Cir.2005). If the state and federal proceedings are parallel, the courts must analyze the following six factors, with the "balance heavily weighted in favor of the exercise of jurisdiction," *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983):

(i) the assumption of jurisdiction by either court over any res or property;

(ii) the inconvenience of the federal forum;

---

to Plaintiff's allegations pertaining to the breach of contract, advancement and indemnification issues").) At oral argument on November 29, 2005, Dore's counsel handed up a scheduling order entered in the Illinois Action on or about November 3, 2005, stating that "the court's previous stay remains in effect with respect to Defendants' counterclaims on the issues related to securities fraud." (Illinois Action Order, dated Nov. 3, 2005.)

(iii) the avoidance of piecemeal litigation;

(iv) the order in which jurisdiction was obtained;

(v) whether state or federal law supplies the rule of decision; and

(vi) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction.

*Village of Westfield v. Welch's*, 170 F.3d 116, 121 (2d Cir.1999). (*See* Def. Mem. at 8 (citing six factors)). Abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it," and is justified only in "exceptional circumstances." *Colorado River*, 424 U.S. at 813, 96 S.Ct. 1236.[5]

## III. Analysis

### A. Claims By Kingsway Subsidiaries

■ Defendants argue that the Kingsway Subsidiaries fail to allege "loss causation" because, among other things: (1) the Kingsway Subsidiaries claim to have "purchased securities at an artificially inflated price as a result of an alleged misrepresentation without alleging any economic loss once the truth was revealed" (Def. Mem. at 3); and (2) "the allegations of the TAC and the publicly filed documents make clear that the Kingsway Subsidiaries did not lose from, but *profited* from their purchases and sales of ACHI stock" (*id.*).

Plaintiffs counter that "the Kingsway plaintiffs allege in detail a calculated, systematic and longstanding scheme by defendants to inflate artificially ACHI stock," and "plaintiffs are under no obligation to respond to factual or evidentiary challenges at the motion to dismiss stage." (Pl. Mem. at 4.) In the alternative, Plaintiffs assert that "ACHI, and by extension the Kingsway subsidiaries, . . . suffered losses when ACHI refused to consider an offer higher than the Kingsway tender offer of $2.10 per share because the other interested buyer demanded access to non-public information," and "[t]his lost opportunity to obtain the maximum profit for their shares constituted an adequate allegation of loss causation." (*Id.* at 5.)

The Kingsway Subsidiaries fail to allege loss causation, alleging only that the price on the date of purchase was inflated because of Defendants' misrepresentations. (*See* TAC ¶¶ 257, 282.) The TAC fails to plead that the Kingsway Subsidiaries suffered an actual loss when they tendered their shares via the Tender Offer. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, ——, 125 S.Ct. 1627, 1634, 161 L.Ed.2d 577 (2005) ("[T]he 'artificially inflated purchase price' is not itself a relevant economic loss. And the complaint nowhere else provides the defendants with notice of what the relevant economic loss might be or of what the causal connection might be between that loss and [defendant's] misrepresentation . . . ."). Defendants correctly point out that the Complaint and Plaintiffs' public filings establish that the Kingsway Subsidiaries sold all of their shares at a profit by

---

5. "Consideration of a motion to dismiss on abstention grounds is akin to a motion to dismiss for lack of subject matter jurisdiction, in which a court is not restricted to the face of the pleadings, but may review affidavits and other evidence to resolve factual disputes concerning its jurisdiction to hear the action." *DeLoreto v. Ment*, 944 F.Supp. 1023, 1028 (D.Conn.1996); *accord Miller Brewing Co. v. ACE U.S. Holdings, Inc.*, 391 F.Supp.2d 735, 739 (E.D.Wis.2005); *Sabre Oxidation Technologies, Inc. v. Ondeo Nalco Energy Services LP.*, 2005 WL 2171897, at *2 (S.D.Tex. Sept. 6, 2005). "[T]he burden of persuasion rest[s] on the party opposing the exercise of federal jurisdiction." *Arkwright–Boston Manufacturers Mutual Ins. Co. v. City of New York*, 762 F.2d 205, 210 (2d Cir.1985); *accord Remigio v. Kelly*, 04 Civ. 1877, 2005 WL 1950138, at *12 (S.D.N.Y. Aug. 12, 2005).

purchasing ACHI preferred stock in December 2000 at $10 per share (TAC ¶ 257) and ACHI common stock in July 2001 at $1.90 per share (TAC ¶ 282), and selling the preferred and common stock in the Tender Offer at $12 and $2.10, respectively (Declaration of Bradley T. Meissner, dated Sept. 30, 2004, Ex. F: Kingsway Financial Services, Inc. Amendment No. 3 to Tender Offer Statement, Apr. 2, 2002, at 1 & Ex. (a)(5)(B); TAC ¶ 319). The Kingsway Subsidiaries benefited from any inflation in ACHI stock when they tendered all of their shares on the Tender Offer. *See, e.g., Spencer Trask Software and Information Services LLC v. RPost Intern.*, 383 F.Supp.2d 428, 457 (S.D.N.Y.2003) ("under New York law [plaintiffs] would be confined to recovering the actual pecuniary loss sustained as a result of the defendants' fraudulent misrepresentations").

## B. ACHI's Employment Contract Claim Against Dore

### Forum Selection Clause or Laches

■ Defendant Dore asserts that ACHI's Employment Contract Claim should be dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim because: (1) "Illinois, not New York, is the proper forum" pursuant to a forum-selection clause in the Employment Contract,[6] and (2) "in any event, ACHI is barred by the doctrine of laches from pursuing that claim in this Court." (Def. Mem. at 2.) Plaintiffs counter that (1) "the Dore employment contract does not contain a mandatory Illinois forum selection clause," and

(2) "the New York action was timely filed." (Pl. Mem. at 6.)

■ The validity and scope of the Employment Contract forum selection clause is governed by federal law. *See Jones v. Weibrecht*, 901 F.2d 17, 19 (2d Cir.1990) (*per curiam* ) ("Questions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature."). Under federal law, the forum selection clause at issue is permissive, not mandatory ("any legal action . . . may be brought" in Illinois), and does not require dismissal in favor of the Illinois state forum. *See Foothill Capital Corp. v. Kidan*, 03 Civ. 3976, 2004 WL 434412, at *2 (S.D.N.Y. Mar. 8, 2004) ("Court[s] have . . . drawn a distinction between mandatory forum selection clauses and permissive provisions . . . . A forum selection clause that is 'permissive in its language ('may be brought') . . . [leaves] open the possibility that an action could be brought in any forum where jurisdiction can be obtained.' ") (quoting *Blanco v. Banco Indus. de Venezuela, S.A.*, 997 F.2d 974, 979 (2d Cir.1993)); *Fireman's Fund McMgee Marine v. M/V Caroline*, 02 Civ. 6188, 2004 WL 287663, at *3 (S.D.N.Y. Feb. 11, 2004) ("a permissive forum selection clause indicates the contracting parties' consent to resolve their dispute in a given forum, but does not require the dispute to be resolved in that forum"); *John's Insulation, Inc. v. Siska Constr. Co.*, 671 F.Supp. 289, 295 (S.D.N.Y. 1987) (a permissive forum selection clause

---

**6.** The forum selection clause reads as follows: This Contract has been made in, and its validity, interpretation, construction, and performance shall be governed by and be in accordance with, the laws of the State of Illinois, without reference to its laws governing conflicts of law. Each party hereby irrevocably agrees that any legal action or proceedings with respect to this Contract

may be brought in the courts of the state of Illinois, or in any United States District Court of Illinois, and, by its execution and delivery of this Contract, each party hereby irrevocably submits to each such jurisdiction and hereby irrevocably waives any and all objections which it may have as to venue in any of the above courts. . . .

(Employment Contract ¶ 18.)

"merely empowers a court to hear a particular case, but it does not require that the case be heard in the particular forum") (internal citations omitted).

Dore's laches argument is unpersuasive because "application of the laches defense involves consideration of fact issues outside the pleadings." *Bolanos v. Norwegian Cruise Lines Ltd.*, 01 Civ. 4182, 2002 WL 1465907, at *6–7 (S.D.N.Y. July 9, 2002) (collecting cases); *accord United States v. Portrait of Wally*, 99 Civ. 9940, 2002 WL 553532 at *22 (S.D.N.Y. Apr. 12, 2002) (laches analysis "would involve a fact-intensive inquiry into the conduct and background of both parties in order to determine the relative equities. Such issues are often not amenable to resolution on a motion for summary judgment, let alone a motion to dismiss.") (citations omitted).

### Abstention

█ Dore asserts that under *Colorado River*, the Court should abstain from adjudicating ACHI's Employment Contract Claim "in favor of the previously-filed" Illinois Action because, among other things: "Illinois is more convenient than New York to resolve the Contract-based issues"; abstention "would avoid piecemeal litigation"; "ACHI invoked the jurisdiction of this Court some two years after it invoked that of the Illinois court"; "the Contract must be interpreted under Illinois law"; and ACHI and Kingsway "had their opportunity (which they declined) to assure themselves of federal court jurisdiction by bringing all of their claims—including [the Employment Contract Claim]—in *Illinois* federal court...." (Def. Mem. at 8–9.) Plaintiffs counter that the Court should not abstain from adjudicating the Employment Contract Claim because, among other things: it is difficult to " 'separate out the private securities litigation issues [in this case] from the employment contract issues' " in the Illinois Action (including the defenses and counterclaims alleging that Dore committed fraud); "discovery has been automatically stayed in the Illinois action ..., so the litigation is no farther afield in Illinois than here"; and abstention would "necessitat[e] simultaneous litigation of Dore's participation in the alleged fraud in two separate actions rather than one, unified proceeding." (Pl. Mem. at 10–11.)

Dore fails to satisfy the threshold *Colorado River* determination that this action and the Illinois action are "parallel proceedings." There is not a "substantial likelihood" that the state court litigation will "dispose of all the claims presented in the federal case." *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 593 (7th Cir.2005); *accord Leonard v. Educators Mut. Life Ins. Co.*, No. Civ.A.04–5310, 2005 WL 1041188, at *2 (E.D.Pa. May 5, 2005); *Sanitec Industries, Inc. v. Sanitec Worldwide, Ltd.*, 376 F.Supp.2d 575, 578 (D.Del. 2005) ("Parallelism turns on whether the state litigation will dispose of all of the claims raised in the federal case."); 17A *Moore's Federal Practice*, § 122.06[1] (Matthew Bender 3d ed.) ("The presence of additional parties or claims in one case does not necessarily preclude a finding that the suits are parallel. The critical determination is whether the non-federal litigation will dispose of all claims raised in the federal court action."). "Here, the state and federal proceedings are not truly parallel because the federal litigation may require the court to make determinations under exclusively federal law, which the state court may not decide." *Leonard*, 2005 WL 1041188, at *4.

Plaintiffs' claims of securities fraud under the Exchange Act against Dore and other Defendants are "exclusively within the jurisdiction of the federal courts." *Finkielstain v. Seidel*, 857 F.2d 893, 896

(2d Cir.1988) (finding abstention of action involving Exchange Act claims "not appropriate"); *accord Andrea Theatres, Inc. v. Theatre Confections, Inc.,* 787 F.2d 59, 62 (2d Cir.1986) ("[A]bstention is clearly improper when a federal suit alleges claims within the exclusive jurisdiction of the federal courts."); *SST Global Technology, LLC v. Chapman,* 270 F.Supp.2d 444, 463–64 (S.D.N.Y.2003) ("Numerous cases have held that, because federal jurisdiction over securities claims is exclusive, abstention with regard to an action involving federal securities claims is inappropriate, including in the specific instance where a claim under § 10(b) is made."); *Fields v. Allied Capital Corp.,* No. 89 Civ. 5679, 1990 WL 128908, at * (S.D.N.Y. Aug. 28, 1990) (because "Federal courts have exclusive jurisdiction over [Exchange Act] claims … Colorado River abstention is therefore inappropriate"); 17A *Moore's Federal Practice,* § 122.06[5][b]; Erwin Chemerinsky, *Federal Jurisdiction,* § 14.3 at 831–33 (3d ed.1999). Because the cases are not parallel, "the Court does not have authority to abstain," *Cerelli v. Cooper,* No. Civ. A. 03–3241, 2004 WL 90068, at *2–3 (E.D.Pa. Jan. 15, 2004), and need not balance the *Colorado River* factors," *TruServ,* 419 F.3d at 593.

## IV. Conclusion and Order

Defendants' partial motion [67] to dismiss the Third Amended Complaint is granted in part and denied in part. The claims asserted by Plaintiffs American Service Insurance Company, Lincoln Insurance Company, and Universal Casualty Company are dismissed with prejudice. Dore's motion to dismiss is denied and Plaintiffs' claims against Dore survive.

Counsel are requested to appear at a status/scheduling/settlement conference with the Court on December 19, 2005, at 3:00 p.m., in Courtroom 706 of the Thur-

good Marshall Courthouse, 40 Centre Street, New York, New York. **The Court directs the parties to engage in good faith settlement negotiations prior to the conference with the Court.**