■ AMEROPAN REALTY CORPORATION, Appellant, v RANGELY LAKES CORP., Doing Business as CARLL BURR REALTY, et al., Respondents. [722 NYS2d 265] —In an action to recover damages for breach of a lease, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Franco, J.), dated September 20, 1999, which denied its motion to enforce a stip-

ulation of settlement between the parties, and (2) a judgment of the same court entered November 17, 1999, which, after a nonjury trial, is in favor of the defendants and against it dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment in favor of the plaintiff and against the defendants in the principal sum of $60,000; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

By letter dated August 19, 1999, the defendants' attorney stated "we have been authorized by our client(s) to present an offer of $60,000 in full settlement of the claims raised in this litigation." The plaintiff's attorney accepted that offer "provided payment is received within ten days. Payment should be made by bank or certified check to Ameropan Realty Corp. and Stanley R. Waxman, P. C."

The statement of payment terms did not render the plaintiff's acceptance a counteroffer (*see, Matter of McManus,* 83 AD2d 553, 554, *affd* 55 NY2d 855). That an acceptance "is accompanied with a direction or a request looking to the carrying out of its provisions * * * does not render it ineffectual or give it the character of a counteroffer" (*Matter of McManus, supra,* at 555; *Valashinas v Koniuto,* 283 App Div 13, 17, *affd* 308 NY 233). The letter of the plaintiff's counsel "contained no new offer for the [defendants] to accept or reject" (*Matter of McManus, supra,* at 555).

A duly-accepted settlement offer constitutes a binding contract. Stipulations of settlement are judicially favored (*see, Hallock v State of New York,* 64 NY2d 224; *Braham v Kingsboro Med. Group,* 275 AD2d 385). Accordingly, the plaintiff's motion to enforce the stipulation of settlement is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment in the principal sum of $60,000.

In view of our determination, we do not address the appel-

lant's remaining contentions. O'Brien, J. P., Ritter, Krausman and Goldstein, JJ., concur.