JP MORGAN CHASE BANK,
N.A., Plaintiff,

v.

Louis J.K.J. REIJTENBAGH
et al., Defendants.

No. 09 Civ. 3747.

United States District Court,
S.D. New York.

May 1, 2009.

Edward Patrick Boyle, Edmund M. O'Toole, Venable LLP, New York, NY, for Defendant.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

### I. BACKGROUND

Plaintiff JP Morgan Chase Bank, N.A. ("JP Morgan" or "Plaintiff") originally filed this action in New York Supreme Court, Bronx County (the "State Court"), on April 1, 2009, seeking to recover from defendants Louis J.K.J. Reijtenbagh ("Louis Reijtenbagh"), Jacco (a/k/a/ Jacob) L.J.C. Reijtenbagh ("Jacco Reijtenbagh"), Edgar (a/k/a Ano) J.L.C. Reijtenbagh ("Edgar Reijtenbagh"), and Monte–Carlo Art S.A. ("Monte Carlo"), (collectively, "Defendants") $23 million outstanding from a $50 million promissory note (the "Promissory Note"). JP Morgan sought a temporary restraining order and a preliminary injunction. On April 1, 2009, the State Court issued an ex parte temporary restraining order enjoining Defendants

from transferring or taking action with respect to various pieces of art that Monte Carlo had pledged to JP Morgan as collateral for the Promissory Note (the "Art Collateral").

JP Morgan then sought ex parte orders of seizure and attachment to permit JP Morgan to take immediate possession of the Art Collateral. The State Court granted the application, and JP Morgan executed the ex parte orders of seizure and attachment on April 4 and April 6, 2009. On April 9, 2009, JP Morgan filed, via an order to show cause, a motion to confirm the ex parte orders of seizure and attachment, to require Defendants to produce the Art Collateral that was missing from the apartment in which the art was supposedly being housed, and to permit JP Morgan to conduct immediate discovery as to the missing Art Collateral.

Defendants removed the action to federal court on April 13, 2009. The Court held a telephonic conference with the parties on April 16, 2009 regarding JP Morgan's request that the Court immediately remand the action to state court, based on the applicable forum selection clause. At the conference, the Court directed the parties to submit letter briefs on the remand issue. The Court also directed the Defendants to submit their opposition papers to JP Morgan's motion to confirm the ex parte orders of seizure and attachment.

The Court has considered the parties' letter briefs addressing the remand issue and the applicable legal authorities. For the reasons stated below, JP Morgan's remand request is DENIED.

## II. *DISCUSSION*

### A. *LEGAL STANDARD*

■ Removal of an action from state court to the federal court of the district that encompasses the state court is per-missible if the federal court has original jurisdiction and if none of the defendants are a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441; *Shapiro v. Logistec USA, Inc.,* 412 F.3d 307, 309–10 (2d Cir.2005). However, "[i]t is well established that a forum selection clause may act as a waiver of defendant's right to remove an action to federal court." *John's Insulation, Inc. v. Siska Constr. Co.,* 671 F.Supp. 289, 294 (S.D.N.Y.1987). Any waiver of the right of removal "must be clear and unequivocal. If the forum selection clause is ambiguous in that it is susceptible of two reasonable meanings, it will be construed against the party who drafted it." *Id.* (*citing Stern v. Satra,* 539 F.2d 1305, 1310 (2d Cir.1976)).

### B. *APPLICATION*

■ JP Morgan contends that Defendants have waived their right to remove the action to federal court because of the forum selection clause in the Promissory Note. The term "Borrower" as used in the forum selection clause reproduced below applies to all Defendants here, because the Promissory Note was executed by Louis Reijtenbagh; the same language appears in a security agreement binding on Monte Carlo; and Jacco and Edgar Reijtenbagh executed documents ratifying and confirming the Promissory Note. The relevant language is as follows:

> The Borrower hereby irrevocably submits to the jurisdiction of any New York state or United States federal court sitting in New York City over any action or proceeding arising out of this Note, and the Borrower hereby irrevocably agrees that all claims in respect of such action or proceeding may be held and determined in such New York state or federal court.

Promissory Note § 13. JP Morgan argues that this language permits JP Mor-

gan to "elect the forum by choosing either a state or federal court in New York City, provides for Defendants' irrevocable submission to that court's jurisdiction, and evinces Defendants' consent that all claims can be determined in that court." (Letter from Zachary G. Newman to the Court, dated April 21, 2009.)

■ Waiver of removal must be "clear and unequivocal," and the Court cannot find that this forum selection clause constitutes a waiver of Defendants' right to removal. There are no clear indications in the forum selection clause that the Borrower has waived objections to venue in either the state or federal forum. *See Lancer Ins. Co. V. MKBS, LLC,* No. 08 CV 03724, 2008 WL 5411090, at *3 (E.D.N.Y. Dec. 22, 2008) (removal was improper when forum selection clause prohibited parties from objecting to venue). As another court in this district has determined, a forum selection clause that permits an action in either state or federal court and in which a party "irrevocably submits" to the jurisdiction of either court is a permissive clause permitting jurisdiction in either forum. *See GMAC Commercial Mortgage Corp. v. LaSalle,* 242 F.Supp.2d 279, 283 (S.D.N.Y.2002).

Contrary to JP Morgan's assertions, the forum selection clause "does not contain clear language of election, vesting in Plaintiff the right to choose a particular court." *Id.* JP Morgan argues that it has the exclusive right to select a forum because the forum selection clause governs claims against the Borrower, which means claims brought by JP Morgan, and because the Borrower agreed that "all claims in respect of such action or proceeding may be held and determined in such New York state or federal court." The Court is not persuaded that this interpretation conveys a clear and unequivocal meaning of the provision. Because any ambiguities in the

forum selection clause are to be construed against the drafter, *see John's Insulation,* 671 F.Supp. at 294, the Court finds that removal has not been waived by this language.

## III. *ORDER*

For the reasons stated above it is hereby

**ORDERED** that the request of plaintiff JP Morgan Chase Bank, N.A. ("JP Morgan") to remand this action to state court is DENIED; and it is further

**ORDERED** that JP Morgan submit a reply to defendants' opposition to JP Morgan's motion to confirm ex parte orders of seizure and attachment by May 7, 2009.

**SO ORDERED.**