**In re FIREMAN'S FUND INSURANCE COMPANIES, Petitioner.**

No. 78–3633.

United States Court of Appeals, Fifth Circuit.

Jan. 2, 1979.

Charles W. Franklin, Daniel J. Dziuba, Baton Rouge, La., for petitioner.

Roy C. Cheatwood, New Orleans, La., for respondent.

Before RONEY, GEE and FAY, Circuit Judges.

BY THE COURT:

Petitioners seek issuance of a writ of mandamus ordering the district court to recall an order transferring this action to the United States District Court for the District of New Jersey. The action was brought under the Miller Act, 40 U.S.C.A. § 270b, in the Eastern District of Louisiana by Fireman's Fund Insurance Companies, the assignee of a subcontractor, against the primary contractor, Frank Briscoe Company, Inc., and its surety, Travelers Indemnity Company. The dispute arose out of the construction of a 250-bed Naval Hospital in New Orleans, Louisiana. Defendants, Briscoe and Travelers, moved to transfer the action to New Jersey based upon the following provision in the subcontract which provided that venue of any dispute was to be laid in the County of Essex, State of New Jersey:

> If the Sub-contractor shall institute any suit or action for the enforcement of any of the obligations under this agreement, the venue of such suit or action shall be laid in the County of Essex and State of New Jersey.

Taking this provision into account as well as the fact that Briscoe's principal place of business was located there, the district court held that the transfer was proper under 28 U.S.C.A. § 1404(a). The decision of the district court being correct, we deny the petition for writ of mandamus.

Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district

court may transfer any civil action to any other district or division where it might have been brought.

Because of the unambiguous phrase "any civil action," it has been held that this section applies not only to the general federal venue provisions, e. g., 28 U.S.C.A. § 1391, but also to special venue statutes within Title 28 and elsewhere in the Federal Code. *See, e. g., Ex parte Collett,* 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207 (1949) (applies to F.E.L.A.); *United States v. National City Lines, Inc.,* 337 U.S. 78, 69 S.Ct. 955, 93 L.Ed. 1226 (1949) (applies to Clayton Act). In *Ex parte Collett,* the Supreme Court stated:

> The reach of "any civil action" is unmistakable. The phrase is used without qualification, without hint that some should be excluded.

337 U.S. at 58, 69 S.Ct. at 946 (footnote omitted).

Petitioner contends, however, that the Miller Act constitutes an exception to this general rule because the language of 40 U.S.C.A. § 270b(b) provides for exclusive venue. That section provides in part:

> Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit, . . .

■ While the phrase "and not elsewhere" would initially appear to foreclose further discussion, it must be remembered that this subsection is not jurisdictional but only a venue provision. *F.D. Rich Co. v. United States,* 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974). Venue may, of course, be waived by failure to interpose a timely objection. *Commercial Casualty Ins. Co. v. Consolidated Stone Co.,* 278 U.S. 177, 49 S.Ct. 98, 73 L.Ed. 252 (1929). It may also be varied by contract unless under the circumstances the agreement is unreasonable. *National Equipment Rental, Ltd. v. Szukhent,* 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964). In *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the Supreme Court gave effect to a forum selection clause, holding that such a clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." 407 U.S. at 10, 92 S.Ct. at 1913.

■ While *The Bremen* dealt with admiralty matters, its teaching is appropriate for the situation in the instant case. The Miller Act venue provision exists for the convenience of the parties. Such a provision is subject to variation by their agreement which should especially be given effect in a case such as this, where the defendants, for whose special protection the venue clause exists, themselves have moved for transfer in accord with the forum selection clause. *See Electronic & Missile Facilities, Inc. v. United States,* 306 F.2d 554 (5th Cir. 1962), *rev'd on other grounds, sub nom. Moseley v. Electronic & Missile Facilities, Inc.,* 374 U.S. 167, 83 S.Ct. 1815, 10 L.Ed.2d 818 (1963). The district in New Jersey is one where the action "might have been brought" under 28 U.S.C.A. § 1404(a). The clause laying venue in New Jersey is, therefore, valid. Transfer was appropriate notwithstanding the language of 40 U.S.C.A. § 270b(b).

■ Where the parties have by contract selected a forum, it is incumbent upon the party resisting to establish that the choice was unreasonable, unfair, or unjust. *The Bremen v. Zapata Off-Shore Co., supra.* No such showing has been made by petitioners. The venue provision in the agreement appears to be a voluntary, bargained for arrangement between two commercially strong contracting parties. The district court properly transferred the action.

DENIED.