**HOUSTON INTERNATIONAL TELEVI-DEO, INC. and Video East, Ltd., Plaintiffs,**

v.

**TECHNICOLOR, INC., et al., Defendants.**

**Civ. A. No. H–83–4936.**

United States District Court, S.D. Texas, Houston Division.

Aug. 29, 1986.

---

Brice A. Tondre, Madden & Strate, Wheat Ridge, Colo. and Theo W. Pinson, III, Greenwood, Koby, Old, Pinson & Bussey, Houston, Tex., for plaintiffs.

Steven M. Harris and Robert J. Vincze, Doyle, Harris & Riseling, Tulsa, Okl., Carnegie H. Mims, Jr., Jefferson, Mims, Plummer & Rice, Houston, Tex., Thomas M. Fortuin, North Hollywood, Cal., and James E. Lyons, Skadden, Arps, Slate, Meag & Flom, Los Angeles, Cal., for defendants.

## MEMORANDUM AND ORDER

McDONALD, District Judge.

Defendant Video Communications, Inc. ("VCI") moves under 28 U.S.C. § 1404(a) to transfer this claim to the Northern District of Oklahoma. This Motion is GRANTED.

## FACTS

Plaintiff Houston International Video ("HIT") purchased a library of films for non-theatre use from Defendant VCI (Agreement One). Defendant VCI had obtained this library from Defendant Vidtronics (now known as "Gold Key Entertainment"). Plaintiff HIT sold most of the rights to this library to Plaintiff Video East (VE) and Plaintiff VE entered into a Manufacturing Agreement and a Marketing Contract with Defendant VCI (Agreement Two). The contracts between Defendant VCI and Plaintiffs HIT and VE (Agreements One and Two, respectively) provided, *inter alia,* that Tulsa County in the State of Oklahoma will specifically be "used as the proper venue for any action herein." Brief in Support of Motion to Transfer (Appendices A–D).

## DISCUSSION

### I.

■ *M/S Bremen v. Zapata Offshore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), established a strong presumption in favor of enforcing a contractual forum selection clause, even one that would require an American citizen to pursue a claim abroad. Although *Bremen* arose in the admiralty context, its rational is applicable elsewhere, and indeed has been applied in other contexts. *In re Fireman's Fund Insurance Companies,* 588 F.2d 93 (5th Cir.1979); *Hoffman v. Burroughs Corporation,* 571 F.Supp. 545 (N.D.Tex.1982). The burden is on the party resisting enforcement of the clause to prove that the choice was unreasonable, unfair or unjust, or to show that the clause is invalid by reason of fraud or overreaching or that enforcement would contravene a strong public policy of this forum. 92 S.Ct. at 1916. *Santamauro v. Taito do Brasil Industria E Comercia,* 587 F.Supp. 1312 (E.D.La. 1984). This Court construes the parties' agreements designating Tulsa as "proper venue" for any "action herein" to be a contractual forum selection clause. Thus,

the issue before this Court is whether Plaintiffs have overcome the strong presumption in favor of enforcing contractual forum selection clauses either by (1) proving that the choice was unreasonable, unfair or unjust; (2) proving that the clause is invalid by reason of fraud or overreaching; or (3) proving that enforcement would contravene a strong public policy of this forum.

## II.

As Plaintiffs make no arguments based on invalidity of the clause or this forum's public policy this Court must turn to the question of reasonableness.

In *Bremen* the Supreme Court upheld a similar clause noting that "[t]he choice of forum was made in an arms length negotiation by experienced and sophisticated businessmen...." *M/S Breman v. Zapata Off-Shore Co.*, 407 U.S. 1, 12, 92 S.Ct. 1907, 1914, 32 L.Ed.2d 513 (1972); see also *In re Fireman's Fund Ins. Companies, Inc.*, 588 F.2d 93, 95 (5th Cir.1979) ("The venue provision in the agreement appears to be a voluntary, bargained for arrangement between two commercially strong contracting parties."). Such was, apparently, the case in the instant action. Thus, the nature of the parties and their transaction gives strong evidence that the contractual forum selection clause is reasonable.

■ To overcome the "strong presumption" created by such evidence Plaintiffs argue that Defendant Vidtronics could not be sued in Oklahoma and that Plaintiffs would be barred from bringing suit in Oklahoma by the Oklahoma Business Corporations Act. Both of these arguments lack force. First, Plaintiffs have not demonstrated that Oklahoma's long-arm statute could not reach a California corporation whose contract with an Oklahoma resident is involved in a multi-million dollar complaint. (See, for example, *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957) and *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) which demonstrate the breadth of the due process limits to which an Oklahoma court would be subject.)

■ Second, it is well established that in considering whether a suit "might have been brought" in a transferee forum for the purpose of deciding a 1404(a) motion only the defendant's capacity to be sued is determinative. See *Van Dusen v. Barrack*, 376 U.S. 612, 619–24, 84 S.Ct. 805, 810–13, 11 L.Ed.2d 945 (1963); *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148 n. 33 (5th Cir.1984). Even if Plaintiffs' are correct that they would be barred from bringing suit in Oklahoma their folly in signing a contract designating a state in which they had not complied with the local business corporations law as the forum in which any suit should be brought should not be excused.

## CONCLUSION

Plaintiffs have not overcome the "strong presumption" that their otherwise valid contractual forum selection clause should be enforced. It is, therefore,

ORDERED, ADJUDGED and DECREED that Defendant's Motion to Transfer is GRANTED.