### David MALEY

v.

### DESIGN BENEFITS PLAN, INC., (Formerly known as National Group Marketing Corporation)

No. 1:00–CV–625.

United States District Court, E.D. Texas, Beaumont Division.

Dec. 15, 2000.

I Nelson Heggen, Houston, TX, for plaintiff.

Yasmin Atasi, James Keith Russell, Winstead Sechrest & Minick, Houston, TX, for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

In this dispute over an insurance agent's commissions, Defendant Design Benefits Plan, Inc. moves the Court to dismiss the case based on a mandatory forum selection clause, or, alternatively, to transfer the case for improper venue under Fed. R.Civ.P. 12(b)(3). Subject to those motions, Defendant moves for a more definite statement under Fed.R.Civ.P. 12(e). Because the judicially enforceable forum selection clause provides that venue for all disputes between the parties is exclusively in Winnebago County, Illinois, the Court pursuant to 28 U.S.C. § 1406(a) transfers the case to the United States District Court for the Northern District of Illinois, Western Division (Rockford, Illinois).

## I. Facts

Defendant is a marketing company that markets insurance policies for various insurance companies. Defendant employed agents to market the policies, and Plaintiff was one of those agents. Pursuant to various commissions agreements entered into by the parties, Plaintiff was entitled to lifetime commissions on renewals of policies sold under his name and for policies originated by agents working under him. At some point, Defendant allegedly stopped sending Plaintiff's commissions to him. Plaintiff thereafter brought suit in Texas state court alleging breach of contract, fraud, and conspiracy. Defendant removed the case to this Court on the basis of diversity. The Court thereafter denied Plaintiff's motion to remand. Defendant now moves to transfer the case based on a contractual forum selection clause.

## II. Analysis

Forum selection clauses are considered "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972). Enforcement of a forum selection clause is unreasonable if: (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of

the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause will contravene a strong public policy of the forum state. *See Haynsworth v. The Corporation,* 121 F.3d 956, 963 (5th Cir.1997). Although *M/S Bremen* was an admiralty case, courts have applied its holdings in other contexts. *See, e.g., Seattle–First National Bank v. Manges,* 900 F.2d 795, 799 (5th Cir.1990) (citing *M/S Bremen,* 407 U.S. at 15, 92 S.Ct. 1907).; *In re Fireman's Fund Insurance Cos.,* 588 F.2d 93, 95 (5th Cir.1979). But the party seeking to avoid enforcement of a forum selection clause bears a heavy burden in showing unreasonableness. *See Haynsworth,* 121 F.3d at 963.

Design Benefits contends that the Court should dismiss this case because the forum selection clause does not provide for suit in this venue. The relevant clause is contained in the "Regional Manager Agreement" entered into by the parties. Paragraph 20 of that agreement provides:

> This Agreement is subject to the jurisdiction of the courts of the State of Illinois and is to be interpreted in accordance with the laws of the State or Illinois. *Venue for any action, suit or other proceeding, including non-contract disputes, shall be exclusively in Winnebago County, Illinois.* Agent shall agree to consent to the jurisdiction of the Courts of Illinois and waive any other venue.

(Smith Affidavit, ¶ 4; Exhibit A–1.) (emphasis added). Under the *M/S Bremen* standard, this clause is presumably valid and should be enforced unless Plaintiff can show that such enforcement would be " 'unreasonable' under the circumstances." *See M/S Bremen,* 407 U.S. at 10, 92 S.Ct. 1907.

■ Plaintiff's first problem in meeting this burden is that he has not responded to Defendants motion. Plaintiff has presented nothing to the Court to show whether incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; he will for all practical purposes be deprived of his day in court; the fundamental unfairness of the chosen law will deprive him of a remedy; or enforcement of the forum selection clause will contravene a strong public policy of the forum state. *See Haynsworth,* 121 F.3d at 963.

■ The Court, moreover, can find no reason on its own to invalidate the clause. When a party fails to meet its burden of proof, a court may dismiss a suit as the appropriate method of enforcing a forum selection clause. *See, e.g., International Software Sys. v. Amplicon, Inc.,* 77 F.3d 112, 114 (5th Cir.1996) (dismissing suit based solely on forum selection clause where movant had not requested a transfer); *Hunter Distributing Co., Inc. v. Pure Beverage Partners,* 820 F.Supp. 284, 285–86 (N.D.Miss.1993).

■ Dismissal, however, is not the only option available when a plaintiff files suit in a venue other than that allowed in the forum selection clause and in an otherwise improper forum. Design Benefits has also requested that the case be transferred under 28 U.S.C. § 1406(a) to either the United States District Court for the Northern District of Texas or the Northern District of Illinois. The language of section 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district *shall dismiss, or if it be in the interest of justice transfer such case* to any district or division in which it could have been brought.

28 U.S.C. § 1406(a) (emphasis added). The statute is thus broad enough to authorize the transfer of a case even where the plaintiff filed his case in the wrong venue. The interest of justice standard, moreover, encourages courts to reject "time-consuming and justice-defeating technicalities." *See Dubin v. United States,* 380 F.2d 813, 815 (5th Cir.1967). Forcing the Plaintiff to file suit in another forum when this Court

can transfer the case would be inefficient and time-consuming. There also has been no allegation that this case was brought for some improper purpose or as part of "blatant" forum shopping, *see* 17 *Moore's Federal Practice*, § 111.34[3] (Matthew Bender 3d ed.) (citing cases), either of which might weigh against a transfer.

Because Plaintiff has not shown the Court that enforcement of the forum selection clause is unreasonable under the circumstances and because the interests of justice are served, the Court exercises its discretion to transfer the case to the United States District Court for the Northern District of Illinois, Western Division (Rockford, Illinois).

### III. Conclusion

For the foregoing reasons, Defendant's Motion to Transfer Venue is GRANTED. Defendant's other motions are DENIED.