HAYNES, Circuit Judge,
specially concurring:
In light of the majority opinion, I cannot credibly contend that the right to the writ is “clear and indisputable” as required for mandamus relief. See In re Volkswagen of Am., Inc., 545 F.3d 304, 310 (5th Cir.2008) (en banc). Thus, I concur in the majority opinion’s holding.
I. The District Court Erred
I submit, however, that the district court erred in its ruling and approach. I also respectfully diverge from the analysis of the majority opinion. Plainly stated, the Supreme Court has made clear that forum-selection clauses are enforceable. M/S *744 Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); see also Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-94, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991) (explaining that forum-selection clauses aid in avoiding confusion among parties regarding the proper forum, limiting litigation expenses, and “conserving judicial resources that otherwise would be devoted to deciding [venue disputes].” (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 33, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (Kennedy, J., concurring))). The effect of the district court’s ruling, however, is to make forum-selection clauses enforceable by specific performance only at the election of the district court, which is free to render a decision that evades practical review, given our substantial limits on mandamus review, see In re Volkswagen, 545 F.3d at 310-11, and the practical unavailability of review on appeal following final judgment. Id. at 319 (“[T]he prejudice suffered [from an erroneous transfer decision] cannot be put back in the bottle ... an appeal will provide no remedy for a patently erroneous failure to transfer venue.”).
In M/S Bremen, the Supreme Court stated that forum-selection clauses “are prima facie valid,” and should generally be enforced “unless [the party challenging enforcement] could clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.” Id. at 10, 15, 92 S.Ct. 1907. Under this standard, the parties’ forum-selection clause, which requires that disputes be brought in a specific state or federal court in Virginia, is enforceable as J-Crew Management, Inc. (“J-Crew”) has neither shown nor made any attempt to show any injustice in proceeding in Virginia. J-Crew simply violated its agreement and filed suit against Atlantic in the Western District of Texas.
The district court denied Atlantic’s motion to dismiss because it found venue was proper in the Western District of Texas pursuant to 28 U.S.C. § 1391. The court then stated it would consider the parties’ forum-selection clause merely as a factor in denying Atlantic’s motion to transfer pursuant to § 1404(a), although it gave very short shrift to the forum-selection clause in the ensuing analysis. The majority opinion correctly concludes that a forum-selection clause may be enforced through a motion to transfer based on § 1404(a). See, e.g., Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). I disagree, however, with the holding that this vehicle for relief is the exclusive means of enforcing a forum-selection clause that contemplates a federal forum when the original federal forum is valid under a permissive venue statute.
II. The Majority Opinion’s Analysis is Incorrect
A. Forum-Selection Clauses Do Not “Transcend” Permissive Venue Statutes
The majority opinion reasons that a motion to dismiss or transfer pursuant to § 1406 cannot be granted when a forum-selection clause contemplates another federal forum and the plaintiffs chosen forum is statutorily permissive because doing so would allow private parties to transcend federal venue statutes. However, the statute in question here is permissive, not mandatory.[1] See 28 U.S.C. § 1391. Sig *745 nificantly, § 1391 is a general and permissive venue statute that provides “a civil action may be brought in ... a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.” See 28 U.S.C. § 1391(b)(2) (emphasis added). Unlike other statutes that mandate venue in a particular forum, § 1391 does not mandate that venue be laid in a particular district. Accordingly, in the absence of congressional direction otherwise, the parties remain free to consider all permissive venues and to “var[y] by their agreement,” 588 F.2d at 95, the number of venues through a forum-selection clause. In so doing, the parties do not transcend federal law, but instead agree that neither will seek to maintain venue in certain otherwise permissive forums.[2]
Here, because J-Crew and Atlantic contracted to limit the scope of permissive federal forums to the Eastern District of Virginia, the Western District of Texas becomes a “wrong venue.” The district court should have given effect to the parties’ valid forum-selection clause and either dismissed the action for improper venue under 12(b)(3) or transferred it pursuant to § 1406. The parties did not seek to transcend the applicable federal venue statute; instead, each merely agreed that it would not bring suit in any other permissive federal forum apart from the Eastern District of Virginia, a permissive venue. This agreement does not replace or contradict § 1391, but instead only limits the parties’ prerogative to avail themselves of the full scope of permissive venues that the statute would otherwise provide.
B. Stewart Does Not Require a Contrary Result
The majority opinion’s reliance on Stewart to support the proposition that federal venue law must trump forum-selection clauses that contemplate a federal forum is misplaced. Similar to the forum-selection clause at issue here, Stewart involved a forum-selection clause that allowed for suit only in specific state or federal courts. 487 U.S. at 24, 108 S.Ct. 2239. Stewart’s narrow holding determined that federal law, rather than state law, applies to a party’s motion to transfer in a diversity action filed in federal court. See id. (describing the question presented as “whether a federal court sitting in diversity should apply state or federal law in adjudicating a motion to transfer a case to a venue provided in a contractual forum-selection clause.” (emphasis added)). The Court specifically noted that the defendant’s motion to dismiss based on § 1406 was not at issue on appeal because the claim of “improper venue” had been waived by the defendant. See id. at 28 n. 8, 108 S.Ct. 2239.
We have recognized the limited scope of Stewart, explaining that the case holds *746 “that § 1404(a) is an appropriate vehicle for such a transfer because it allows for an individualized assessment of fairness and convenience, with a forum selection clause being one factor for consideration. Stewart does not mandate that whenever a forum selection clause exists any transfer must fall under § 1404(a).” Jackson v. W. Telemarketing Corp. Outbound, 245 F.3d 518, 522 (5th Cir.2001) (emphasis removed). Although limited to the question of whether federal or state law applies in federal venue disputes, Stewart itself illustrates that an agreement between private parties can render inappropriate an otherwise appropriate federal forum. On remand from the Supreme Court in that very case, the Eleventh Circuit issued a writ of mandamus ordering the case transferred to the venue specified in the parties’ forum-selection clause. In re Ricoh Corp., 870 F.2d 570, 571 (11th Cir.1989). In enforcing the forum-selection clause, the court noted that the case did not present the “ ‘exceptional’ situation in which judicial enforcement of a contractual choice of forum clause would be improper.” Id. at 574 (citing Stewart, 487 U.S. at 33, 108 S.Ct. 2239 (Kennedy, J., concurring)). Thus, the actual result of Stewart is exactly the opposite of the result reached here.
The Supreme Court has not read Stewart the same way as the majority opinion. Indeed, following Stewart, the Court in Shute embraced M/S Bremen’s holding and enforced a forum-selection clause by affirming the grant of a motion for summary judgment. See 499 U.S. at 591-94, 111 S.Ct. 1522. The Court’s approval of the use of a summary judgment motion as a vehicle for enforcing the forum-selection clause — which implicitly contemplated a federal forum by allowing for suit in any court in “the State of Florida” — demonstrates that Stewart does not render forum-selection clauses enforceable only under the discretion of a district court performing a § 1404(a) analysis. See id. at 588-89, 111 S.Ct. 1522. Instead, as Shute demonstrates, these clauses may also be given effect when a party alleges venue is not proper under a motion to dismiss or a motion for summary judgment. Accordingly, I respectfully submit that the majority opinion takes Stewart too far.
C. The Majority Opinion Is Contrary to the Majority of Circuit Courts and Inconsistent with Our Precedent
My view is consonant with that of the majority of circuits which give effect to a forum-selection clause through a motion to dismiss filed pursuant to Rule 12(b)(3) and § 1406. See, e.g., Union Elec. Co. v. Energy Ins. Mut. Ltd., 689 F.3d 968, 970-73 (8th Cir.2012) (rejecting the notion that a claim cannot be dismissed under § 1406 for failure to comply with a forum-selection clause if venue is otherwise appropriate under 28 U.S.C. § 1391); TradeComet.com LLC v. Google, Inc., 647 F.3d 472, 478 (2d Cir.2011) (noting that Stewart does not compel consideration of a forum-selection clause under § 1404(a) and holding that “a defendant may seek to enforce a forum selection clause under Rule 12(b)”); Slater v. Energy Servs. Gr. Int’l, Inc., 634 F.3d 1326, 1333 (11th Cir.2011) (“[W]e conclude that § 1404(a) is the proper avenue of relief where a party seeks the transfer of a case to enforce a forum-selection clause, while Rule 12(b)(3) is the proper avenue for a party’s request for dismissal based on a forum-selection clause.”); Hillis v. Heineman, 626 F.3d 1014, 1016 (9th Cir.2010) (finding that a party’s defense for improper venue under Rule 12(b)(3) based on a forum-selection clause was valid and was not waived by the filing of a counterclaim); Muzumdar v. Wellness Int’l Network, Ltd., 438 F.3d 759, 760-62 *747 (7th Cir.2006) (“A challenge to venue based upon a forum selection clause can appropriately be brought as a motion to dismiss the complaint under [Rule] 12(b)(3).”); Sucampo Pharm., Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 548-50 (4th Cir.2006) (holding that a forum-selection clause may be enforced “under Rule 12(b)(3) as a motion to dismiss on the basis of improper venue”); Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d 953, 954 (10th Cir.1992) (affirming a district court’s dismissal of claims based on a forum-selection clause that contemplated a foreign jurisdiction).[3]
Our circuit has not addressed whether a forum-selection clause contemplating a federal forum may be enforced through a motion to dismiss for improper venue. However, as the majority opinion points out, we have found that a Rule 12(b)(3) motion to dismiss for improper venue is an appropriate vehicle for enforcing a forum-selection clause that contemplates state, foreign, or arbitral forums. See Lim v. Offshore Specialty Fabricators, Inc., 404 F.3d 898 (5th Cir.2005) (arbitral forum); Mitsui & Co. (USA), Inc. v. Mira M/V, 111 F.3d 33, 37 (5th Cir.1997) (foreign forum); Int’l Software Sys., Inc. v. Amplicon, Inc., 77 F.3d 112, 115 (5th Cir.1996) (state forum).
Further, we suggested in Jackson that a forum-selection clause contemplating a federal forum could be enforced through a motion to transfer for improper venue based on § 1406. See 245 F.3d at 522. The choice-of-law analysis in Jackson required us to consider whether a federal district court in California transferred a case to a federal district court in Texas based on § 1404(a) or § 1406. We concluded that the California court ordered transfer under § 1406 based on a forum-selection clause. Id. at 522-23. We specifically noted that “Stewart does not mandate that whenever a forum selection clause exists any transfer must fall under § 1404(a).” Id. at 522. The majority opinion disregards Jackson’s guidance.
D. The Forum-Selection Clause at Issue Should be Given Effect
The effect of the majority opinion is to leave us with the somewhat bizarre situation that forum-selection clauses are enforceable by specific performance where the forum is state, foreign, or arbitral, but enforceable by specific performance only at the mercy of the district court for federal courts. I submit that we should adopt the approach of the majority of our sister circuits and use § 1406 transfers in these situations. Absent a mandatory venue statute, a valid forum-selection clause renders any other forum inappropriate, regardless of whether the forum contemplat *748 ed by the parties is a state, federal, or foreign venue.
Congress, is of course, free to limit the enforcement of forum-selection clauses if it so chooses, as it has done in the past. For example, after the Supreme Court in Shute gave effect to a forum-selection clause in a cruise line’s passage contract ticket, Congress initially amended 46 U.S.C. § 30509 to prevent passenger ships from seeking enforcement of forum-selection clauses when plaintiffs raise personal-injury or wrongful-death claims. See Reynolds-Naughton v. Norwegian Cruise Line Ltd., 386 F.3d 1, 2 (1st Cir.2004) (explaining that § 30509 was initially amended to supercede Shute’s holding). Interestingly, however, Congress ultimately re-amended the statute to allow for the enforcement of forum-selection clauses in the context of passage contract tickets. See id. at 2-3 (discussing the subsequent amendments to § 30509). Congress continues to look favorably on forum-selection clauses, as reflected in the recent amendment to § 1404(a) allowing for the transfer of cases to venues chosen by agreement that would otherwise not be districts where an action “might have been brought.” See § 1404(a).[4]
A forum-selection clause that was negotiated and agreed to by sophisticated parties and is not challenged based on fraud, unreasonableness, or anything similar should be given effect. As Atlantic notes, the negotiation of a forum-selection clause involves various economic decisions and often requires a party to make concessions in exchange for the assurance that potential litigation will occur in a predetermined venue. Companies, such as Atlantic, that conduct business throughout a broad geographical area rely on forum-selection clauses to ensure that they can anticipate business costs and avoid litigation in a plethora of possible venues. Section 1406 seems to be the cleanest way to do so, treating the venue now “deselected” by the agreement as a “wrong” venue. This approach does not transcend federal venue statutes, but instead recognizes the ability of parties to “var[y] by their agreement,” 588 F.2d at 95, the breadth of the scope of permissive venue statutes through their contractual agreements.
I note, however, that even if the majority opinion is correct that § 1404 is the only appropriate procedural vehicle here, the district court still abused its discretion. While stating that it considered the forum-selection clause as a “factor,” the district court in practical terms gave it no weight and conducted a standard § 1404 “conven *749 ience” analysis. I can discern no practical difference between this district court opinion and that of a district court that was assessing this same case without a forum-selection clause. Whatever the procedure may be, the substance was wrong.
Absent any claim of fraud or unreasonableness by J-Crew, mere “convenience” should not trump the parties’ reasoned contract. Had the district court given the forum-selection clause the deference it deserves, it would have transferred the case under either § 1404 or § 1406.
E. Conclusion
We should not leave the enforcement by specific performance of otherwise valid contractual forum selection clauses to the vicissitudes of virtually unfettered judicial discretion. Absent some compelling countervailing factor (something J-Crew does not even argue is present here), forum-selection clauses such as this one should be and should have been enforced by transfer or dismissal.[5] Thus, while the very high standards for mandamus review coupled with the majority opinion’s approach compel my concurrence in the judgment, I conclude that the district court erred.
Given the state of the law in this area, I encourage the parties to request review of today’s decision by the United States Supreme Court, so it may consider whether this area of the law would benefit from its further guidance.

. Although the statute that purportedly establishes venue in this case is permissive, it is significant to note that this circuit has found that forum-selection clauses may trump even seemingly mandatory venue statutes. For example, Congress provided that any action under the Miller Act, 40 U.S.C. §§ 3131-3134, “must be brought ... in the United States *745 District Court for any district in which the contract was performed and executed ....” 40 U.S.C. § 3133 (emphasis added). This circuit has held that this provision in the Miller Act "is not jurisdictional but only a venue provision ... [which] may be varied by contract unless under the circumstances the agreement is unreasonable.” In re Fireman’s Fund Ins. Cos., 588 F.2d 93, 95 (5th Cir.1979) (citations omitted) (denying a petition for writ of mandamus seeking reversal of a district court’s decision to transfer an action to a venue contemplated by a forum-selection clause pursuant to a motion to transfer based on § 1404(a)). The court explained that the seemingly mandatory venue provision "exists for the convenience of the parties. Such a provision is subject to variation by their agreement....” Id.

. The Eastern District of Virginia is also a permissive venue under § 1391(a)(1) & (a)(2) because all of the Defendants reside there and it is the place where a substantial part of the alleged events or omissions giving rise to J-Crew’s claims occurred.

. In contrast to these cases, the Third and Sixth Circuits embrace the majority opinion’s approach in this case by concluding that, when venue is otherwise proper in the original forum, § 1404(a) is the only appropriate procedural vehicle to enforce a forum-selection clause that contemplates an alternative federal forum. See, e.g., Kerobo v. Sw. Clean Fuels Corp., 285 F.3d 531, 538-39 (6th Cir.2002); Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir.1995) ("Since venue is proper in the [district] where the action commenced, ... [t]he District Court should instead have applied the appropriate balancing test under 28 U.S.C. § 1404(a) to determine whether the case should proceed in the [district] or be transferred to the [district where the forum-selection clause contemplates the action should lie].’’). More recently, however, the Sixth Circuit suggested that a forum-selection clause contemplating both federal and state forums may be enforced through a motion to dismiss. See Langley v. Prudential Mortg. Cap. Co., 546 F.3d 365, 366 (6th Cir.2008) (remanding to the district court "to entertain a motion to enforce the forum selection clause under [Rule] 12(b)(6) or 28 U.S.C. § 1404(a)”).

. Specifically, this amendment provides that a transfer can be made to "any district or division to which all parties have consented,” regardless of whether the venue would otherwise be proper. See § 1404(a); see also Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112-63, § 204, 125 Stat. 758, 764; 17 James Wm. Moore et al., Moore's Federal Practice § 111. 12(l)(c) (3d ed. Supp. 2012) (explaining that the amendment superceded the requirement in Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960), that a transferring court could only transfer to a venue with personal jurisdiction and "could not consider the defendant’s consent to the transferee venue”). Accordingly, parties may seek transfer under § 1404(a) to a venue where the action could have otherwise been brought or that was consented to by the parties through a forum-selection clause. See § 1404(a). This amendment does not supercede the majority of federal circuits that allow for forum-selection clauses also to be enforced through Rule 12(b)(3) motions or motions to transfer based on § 1406. Rather, by explicitly providing that § 1404(a) allows for transfer to a venue that would otherwise be invalid but for the parties consent, this amendment demonstrates that Congress recognizes that forum-selection clauses may be enforced even where the chosen venue is not that chosen by federal venue statutes.

. That said, nothing in the majority opinion would preclude Atlantic’s seeking of some other remedy for the clear breach. As Atlantic discussed during oral argument, J-Crew’s disregard for the parties' bargained-for agreement by bringing suit in Texas may result in Atlantic incurring substantial litigation costs that it would have otherwise avoided. On remand, it is free to seek damages for those costs.